[No. 12872.   Department One. — August 26, 1890.]

## GILBERT L. CURTISS, APPELLANT, v. STARR AND COMPANY, RESPONDENT.

PRACTICE — NEW TRIAL — PRESUMPTION. — If an order granting a new trial is silent as to the ground on which it was made, and the existence of a valid ground is shown by the record, the appellate court will presume that the order was made on that ground.

PRACTICE — NEW TRIAL — CONFLICT OF EVIDENCE — DUTY OF JUDGE. — It is the duty of the judge of the trial court to grant a new trial whenever he is not satisfied with the verdict upon the evidence. The rule as to conflict of evidence does not apply in the trial court.

AGENT — CONTRACT — PAROL CHANGE OF WRITTEN INSTRUCTIONS. — Written instructions to an agent to sell on commission may be changed by parol, subject to the agent's right to sell for advances.

APPEAL from an order of the Superior Court of Alameda County granting a new trial.

The facts are stated in the opinion.

*Charles F. Hanlon*, for Appellant.

*Hutchinson & Campbell*, for Respondent.

HAYNE, C. — This is an appeal by the plaintiff from an order granting the defendant's motion for a new trial. The order did not specify the ground upon which it was made; and in such case it is settled that if the record shows any valid ground upon which the order may have been made, the appellate court will presume that it was made on such ground. In this case the record shows a valid ground upon which the order may have been made.

The complaint consists of two counts. The appellant's counsel asserts that the verdict was based upon the second count alone; and for the purpose of this opinion we assume that such was the case. We therefore dismiss from consideration the first count, and the evidence under it. The substance of the second count

is, that the plaintiff delivered to the defendant (a corporation) certain wheat, to be sold on commission at a fixed price, and that the defendant sold the wheat at a less price, contrary to its instructions, and without notice to the plaintiff. It is obvious that the instruction to sell at a fixed price is a main foundation of such a case. Take that away, and the case falls to the ground. Now, the plaintiff's letter of instructions showed no such limitation. On the contrary, it said: "Sell same *at your discretion.*" This being so, it was incumbent upon the plaintiff to show affirmatively that the instructions were changed before the wheat was sold. He introduced some testimony tending to show this, and the jury evidently believed it. But, for reasons above stated, it must be presumed that the judge did not. And if he did not, it was his duty to grant a new trial. The rule as to conflict of evidence does not apply in the trial court. The judge should set aside the verdict whenever he is not satisfied with it upon the evidence, and his order in that regard will not be disturbed on appeal if the evidence is substantially conflicting. (*Dickey* v. *Davis*, 39 Cal. 569; *Sherman* v. *Mitchell*, 46 Cal. 580; *Irving* v. *Cunningham*, 58 Cal. 306; *Breckenridge* v. *Crocker*, 68 Cal. 403.) The learned counsel is in error in supposing that this rule is confined to cases tried without a jury.

It is plain, therefore, that the order appealed from must be affirmed.

It may be added that, in our opinion, the trial court was wrong in its theory that the written instructions could not be changed by parol. If any subsequent parol instructions were given to the agent, they were binding, subject to the right to sell for reimbursement of advances, as provided by section 2027 of the Civil Code. The error, however, was in favor of the defendant, and does not affect the question of the correctness of the order appealed from. It is noticed merely for the guidance of the court upon a retrial.

We advise that the order granting a new trial be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order granting a new trial is affirmed.

Hearing in Bank denied.