(18 Misc. Rep. 671.)

## MAYER v. LAUX.

(Supreme Court, Trial Term, New York County. December, 1896.)

LANDLORD AND TENANT—DANGEROUS PREMISES—DUTY TO REPAIR.

A landlord is not bound to keep in repair, except for the purpose for which it was erected, the balcony of a fire escape attached to the premises, and used in common by neighboring tenants for domestic purposes, under license from the landlord.

Action by Dorothea Mayer against Christian Laux. Defendant moves to dismiss the complaint. Granted.

Leopold Moschcowitz, for plaintiff.

William Blaikie, for defendant.

BISCHOFF, J. The plaintiff charges the defendant, her landlord, with negligence, whereby she suffered injuries, and seeks to

support her allegations by proof that when upon the balcony of the fire escape, opening from the apartment leased to her, she stepped upon a trapdoor forming part of the flooring of such balcony, and was injured by reason of the trapdoor breaking from its hinges, which had become rusted and insecure. Her presence upon this balcony was under a license from the defendant to use it as a means to the drying of clothes, and for this purpose the balcony was also used by the tenant of the adjoining flat or apartment; but, except as so used in common by these two tenants, there was nothing in the nature of a common passageway to be found in the case of this balcony, over which, as such, the landlord retained no control, nor was there access to it from any common passageway upon the premises.

The basis of the action is the alleged negligence of the defendant; and, for the plaintiff to prevail, the injury must be shown to have resulted from the nonobservance by the defendant of some duty owing from him to the plaintiff,—a duty arising upon contract, expressly or by implication, or raised by operation of law. The subsisting relation of landlord and tenant gave rise to the duty upon the landlord to keep the common passageways upon the premises in a reasonably safe condition, but here his duty to repair ended, and with it his liability for negligence, so far as the present issues are concerned. By statute, he was required to maintain and keep in repair a fire escape for uses as such; and, for his failure so to do, he would be chargeable at the suit of a tenant consequently injured when attempting to escape from a conflagration. Such was not this case, in which the injury resulted from the condition of a structure not used as a fire escape by the plaintiff, but as a balcony,—a structure annexed to the demised apartment, with license to use it, and, at most, an appurtenance to the subject of the lease.

Where, then, is the defendant's liability for this injury to be found? As appurtenant to or a part of the demised premises, this balcony was not for the landlord to keep in repair, except pursuant to some agreement, and none such is shown. As a trespasser upon this balcony, or as a licensee merely, without invitation or inducement to use it for some possible benefit to the landlord, the plaintiff, if injured through its faulty maintenance, could not be heard to complain. McAlpin v. Powell, 70 N. Y. 130. She shows no inducement or invitation to the use of this balcony; merely a license, at most. A common passageway within the control of the landlord, for the safety of tenants, this balcony, as used by the plaintiff, was not. While common to this plaintiff and the neighboring tenant, under this license, it was not in its nature so maintained as a passageway or common ground, within the control of the landlord, in the exercise of a duty to keep it safe, as a balcony, for the general uses of these tenants. This duty extended to the maintenance of the balcony so far as it was an essential part of a fire escape, for purposes as such, and the plaintiff's injury was not brought about through his remissness in this. From

the relation of these parties, then, there arose no obligation upon the landlord's part to maintain the trapdoor upon the balcony in a safe condition for use by the tenant as a platform to facilitate the drying of clothes. No original negligent construction is shown, and the suit is based solely upon the failure to keep in repair; but, as I have said, in the absence of an agreement, this balcony, when used as a part of the leased premises for the plaintiff's private purposes, was for her to keep in sufficient repair for her own safety. If used by her as a licensee merely, the risk of injury was assumed by her. It was not a common passageway, nor necessarily within the defendant's control for repairs (except as a fire escape), nor as a balcony for the domestic uses of the plaintiff, and, as such, he was under no duty to repair it. The motion for a dismissal of the complaint is granted.

Complaint dismissed.