[L. A. No. 230.    Department Two.—September 3, 1897.]

ROSA HASS et al., Appellants, v. MUTUAL RELIEF ASSOCIATION OF PETALUMA, Respondent.

MUTUAL BENEFIT ASSOCIATION—PAYMENT FROM RESERVE FUND—CHANGE OF BY-LAWS—PROVISION FOR CHANGE—HARMLESS AMENDMENT.—A member of a mutual benefit association cannot complain of an amendment to the by-laws providing that a payment of two thousand dollars should be made out of the reserve fund only when there is a sufficient excess over fifty thousand dollars, where the amendment was made in pursuance of a by-law which permitted it, and which was in force when the membership of such member commenced, and especially where at that time there was a rule which fixed the excess at two hundred thousand dollars, thus making the amendment to the benefit and not to the detriment of such member.

ID.—BY-LAWS PART OF CONTRACT.—All of the by-laws, rules, and regulations of a mutual benefit association become part of its contract with its members, whether referred to in the contract or not, and all of them must be read together.

ID.—FINDINGS AGAINST EVIDENCE—INTENTIONAL DEPLETION OF RESERVE FUND—AMOUNT OF FUND—ORDER GRANTING NEW TRIAL—PRESUMPTION UPON APPEAL.—Where a finding that the reserve fund was purposely depleted in order to evade payment of dues to beneficiaries is without evidence or allegation to support it, and a finding that there was' more than fifty thousand dollars in such fund was unsustained by the evidence, and the court granted a new trial upon motion of the defendant, after having rendered judgment in favor of the plaintiff in too large an amount, based upon the findings, the presumption upon appeal from such order is against the findings, and not in their favor, and the order will be affirmed.

ID.—NATURE OF RESERVE FUND—ABSENCE OF RULE CREATING IT.—Where there is no by-law or rule creating a reserve fund, or defining of what it shall consist, and certain moneys are specially devoted to other purposes, the net assets are to be treated as belonging to that fund which are not specially devoted to other purposes.

ID.—BURDEN OF PROOF AS TO EXCESS—DEDUCTIONS FROM ASSETS—OVERDRAFTS Where a by-law provides that a certain payment is to be made out of the reserve fund only where there is an excess over fifty thousand dollars. the burden of proof is upon the plaintiff claiming such payment, to prove that there was such excess in the reserve fund, after deducting from the assets funds devoted to special purposes, and also deducting the amount of an overdraft from bills receivable.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.   Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

J. F. Conroy, for Appellant.

Lippitt & Lippitt, for Respondent.

TEMPLE, J.—The complaint in this case *inter alia* shows that the defendant is an incorporation, the purpose of which is to secure certain money benefits to the friends of deceased members. By-laws are set out which promise to the nominee of a member dying in good standing "one dollar in coin for every member of this association in good standing at the time of said death." Also a by-law which provides that the nominee of a deceased member who had been such member for ten years, "shall receive two thousand dollars, though the association may not have that number of members at the time of his death."

It is averred that one Lena Brenner became a member of the defendant, and having made the plaintiff her nominee, died on the fifth day of June, 1894; that she was a member in good standing at the time of her death, and had been such member for more than ten years immediately prior to her death. Due presentation of her claim to defendant and its rejection are averred.

The answer admits the facts set up, except that in effect it shows that only a portion of the contract is set out in the complaint, and proceeds to show the other portions of the contract, which provide that the balance of the two thousand dollars over and above the number of members is payable only out of the reserve fund of the association when there is a surplus in such fund over fifty thousand dollars sufficient to meet such further payment. It is averred that there was not at the time of Lena Brenner's death, and has not since been, a surplus fund equal to fifty thousand dollars or exceeding thirty-five thousand dollars.

It also avers that the membership of the association at the time of Lena Brenner's death was only eight hundred, and it denies that there was due to plaintiff, as the nominee of Lena Brenner, any sum in excess of eight hundred dollars, which sum had been allowed, tendered and refused.

At the trial the plaintiff submitted her case upon the pleadings, and the defendant then proved the existence of the by-law set up in the answer and put in evidence, which tended to show that at the time of Lena Brenner's death there was not, nor has there been since, fifty thousand dollars in the reserve fund, or even of assets belonging to the defendant. After some evidence in rebuttal the court found that all the allegations in the complaint are true, but further found the contract as alleged in the answer. It also found that paragraph three of section six was not in force when Lena Brenner became a member, and that the reserve fund at the time of Lena Brenner's death amounted to $54,222.90. The court further found that prior to 1893 the defendant had paid dividends to certain of its members to the amount of $84,458, and also in 1893 the sum of $2,489; that all such payments were made out of the reserve fund with intent to reduce the fund to less than fifty thousand dollars, and thereby evade payment of the indebtedness of two thousand dollars. Judgment was rendered for the plaintiff for the sum of $2,105.40 and costs of suit.

Upon motion of defendant the court afterward granted a new trial, and from that order this appeal is taken.

There is no merit in the appeal. The first contention is that the contract between Lena Brenner and the association was an absolute contract for the payment of two thousand dollars. The section providing that the balance of the two thousand dollars shall be paid out of the reserve fund only when there is a sufficient excess over fifty thousand dollars was not a by-law when Lena Brenner joined. I do not see that it would matter whether it was or not, since the amendment was made in pursuance of a by-law which permitted it and which was in existence when Lena Brenner became a member, but at that time there was a rule which provided that the payments should be made only when there would be left in the fund two hundred thousand dollars. The change was not detrimental to the appellant.

Counsel also say that the answer admits that two by-laws providing for the payments are correctly set out in the complaint, whereas they are not as set out; the answer omits the words "as hereafter provided," which are in the by-laws, and which may be held to refer to subsequent provisions which limit the rights of nominees of deceased members. No doubt counsel make this point with extreme reluctance and will be pleased to find that it does not affect the rights of the parties. All the by-laws, rules, and regulations become part of the contract whether referred to or not. There was no other contract entered into. All these must be read together.

The finding above alluded to holding that the reserve fund had been purposely depleted in order to evade payment of dues finds no excuse either in allegation or proof. It is not supported by a scintilla of evidence. The interest on money was applied to the annual dues of members of long standing in pursuance of a by-law which was a part of the original scheme. Lena Brenner must have participated in these dividends. They may have kept the fund below fifty thousand dollars, but her beneficiary cannot complain, for it was a part of her contract that it might be done. Many such societies promise more than they can perform, and, somehow, promises to do the impossible always attract.

If the court was right in finding as to the amount in the reserve fund, this finding could not have been deemed important,

and even if the finding were sustained by evidence it would not be the equivalent of the finding of such a fund, and in this case was relevant to no possible issue.

The finding that there was more than fifty thousand dollars in the reserve fund was also unsustained by the evidence. In considering these questions it must be remembered that the court granted a new trial. The presumption is therefore against the findings and not in their favor.

The by-laws speak of a reserve fund, and, as we have seen, provide for payments out of the excess of that fund over fifty thousand dollars. There is, however, no by-law or rule creating a reserve fund or defining of what it shall consist. Certain moneys are specially devoted to other purposes. Under such circumstances I think we may treat all the net assets as belonging to that fund which are not specially devoted to other purposes. The assets of defendant for 1894, during which year Lena Brenner died, were not shown. But the assets for 1893 were shown. Waiving the point that this does not meet the necessities of the case, and that the burden of proving that there was an excess in the reserve fund was on plaintiff, we find that the assets of 1893 amounted to $52,312.32. In this list of assets was included $1,483.10 due for interest, which, under the by-laws, is devoted to dividends, and $1,386.22 due for assessments which belong to the nominees of deceased members, and there is an overdraft of $10,439.77 which must be deducted from bills receivable. Certainly the court properly granted a new trial.

Order affirmed.

Henshaw, J., and McFarland, J., concurred.