[L. A. No. 471.   Department Two.—November 6, 1899.]

A. J. CONDEE, as Assignee, Appellant, v. C. E. GYGER et al., Respondents.

APPEAL—GENERAL ORDER GRANTING NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—CONFLICT OF EVIDENCE.—On an appeal from an order granting a new trial, the motion for which was made on the ground of newly-discovered evidence and other statutory grounds, and which was granted without the assignment by the trial court of any reason for its order, it will not be presumed that the motion was granted solely on the affidavits showing newly-discovered evidence. On the contrary, it will be presumed that the order was made on any valid ground the existence of which is shown by the record, and, where the evidence is conflicting, and one of the grounds of the motion was the insufficiency of the evidence to sustain the findings, it will be presumed, in support of the order, that it was granted on such ground.

APPEAL from an order of the Superior Court of Riverside County granting a new trial.   J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Caldwell & Duncan, for Appellant.

John F. Crowe, and John G. North, for Respondents.

THE COURT.—This is an appeal by plaintiff from an order granting defendants' motion for a new trial.   The motion was upon the grounds of newly-discovered evidence and the other statutory grounds.   At the hearing the court made the following minute order: "The motion heretofore made for a new trial of this cause is this day granted by the court."

Appellant contends that as the court assigns no reason for

its order, and as the court must have given careful consideration to all the facts at the trial, the motion presumably was granted alone on the affidavits showing newly-discovered evidence. No such presumption can be indulged. It must rather be presumed that the court reconsidered and passed upon the sufficiency of all the evidence in the case in granting the motion, for it was its duty to do so; and in this appeal, the court having granted a new trial, "the presumption is against the findings and not in their favor." (*Hass v. Mutual etc. Assn.*, 118 Cal. 6.) Where the order granting the new trial is silent as to the ground on which it was made, and the record shows the existence of a valid ground, this court will presume that the order was made upon that ground. (*Curtiss v. Starr*, 85 Cal. 376.) It is the duty of the judge of the trial court to grant the new trial whenever he is not satisfied with the verdict, if tried by a jury, or with the findings, if tried by the court (*Curtiss v. Starr, supra*); and he is not bound by the rule as to conflicting evidence, as is this court. (*Curtiss v. Starr, supra,* and cases cited; *Bjorman v. Fort Bragg Ry. Co.*, 92 Cal. 500.)

The action is by the assignee in insolvency of one J. W. Nance, upon a promissory note which the court found was executed by defendant for the sum of five thousand dollars to Los Angeles National Bank, on which Nance made the following indorsement: "I guarantee the payment of this note at maturity and waive demand, presentment for payment, protest and notice of protest." The note became due February 25, 1892, and the court found that on April 11, 1892, Nance paid the bank five thousand one hundred and fifty dollars and twenty-seven cents, the balance then due, principal and interest, and the bank surrendered the note to Nance, who was its owner when he became insolvent; that defendants deposited with the bank, at the execution of the note, certain eleven bonds of the Perris Irrigation District, of the par value of five hundred dollars each, as collateral security, which were delivered to Nance with the note, and that on March 30, 1893, he sold the bonds for the highest market value, to wit, for four thousand one hundred and twenty-five dollars; that except one hundred and sixty-five dollars paid to the bank on account of interest, by the irrigation district, no payments were made on said note by defendants,

and that there was due at the date of the judgment from defendants the sum of eighteen hundred and ninety-nine dollars and thirty-seven cents upon said note, and the further sum of one hundred and eighty-nine dollars and ninety-three cents as attorneys' fees provided for therein. Judgment was accordingly entered for plaintiff. The defense to the action was that the note was signed by defendants at the instance of Nance and upon an express agreement that they were to be held harmless from the obligation thereof; they denied that they either delivered the note or the bonds to the bank, and alleged that they received no part of the borrowed money; that Nance obtained the money himself for the benefit of the said irrigation district, of which he was president and general manager, and that the bonds were part of a lot of bonds which he had purchased from the district or had agreed to purchase, and were his when pledged and when sold by him; also that when Nance paid the note and received back the bonds the note was canceled and marked paid by the bank, and the transaction was at an end and the note became *functus officio*. Defendants also pleaded the statute of limitations. The complaint was filed February 24, 1896, nearly four years after Nance paid the note and nearly three years after he sold the bonds.

The evidence is conflicting upon the principal question of fact—whether the note was in fact made at the instance of Nance and to raise money for the irrigation district, and that he agreed himself to pay the note and hold defendants harmless by reason of their having signed it. There is evidence tending to show this to be the fact, and, had the court found for defendants, we think the evidence would have justified such finding. In support of the order we must presume that the court changed its opinion as to the effect of the evidence, and reached a conclusion, upon the hearing of the motion, favorable to defendants' contention. Upon this assumption the court was justified in granting the motion—indeed, it was its plain duty to do so. In this view of the matter it becomes unnecessary to enter upon a discussion of the many interesting questions presented by counsel; they may not arise at the second trial; and some of them cannot arise should the defendants prevail.

The order is affirmed.