## HARLOE v. BERWICK et al.

### L. A. No. 1164; December 16, 1902.

#### 70 Pac. 1060.

Appeal.—Where the Order Granting a New Trial Does not Disclose the ground on which it is made, but it appears from the record that it might well have been made on the ground of the insufficiency of the evidence to sustain the verdict, the court on appeal may presume that it was made on that ground.

Appeal.—An Order Granting a New Trial for Insufficiency of Evidence to sustain the verdict is not reviewable on appeal if there is any appreciable conflict in the evidence.

APPEAL from Superior Court, San Luis Obispo County; E. P. Unangst, Judge.

Action by Flora Harloe against J. C. Berwick and wife and W. Schnocker. Judgment for defendants, and from an order granting a new trial they appeal. Affirmed.

William Graves and Louis Laing for appellants; Robert Bouldin and Frank Walden for respondent.

CHIPMAN, C.—Claim and delivery. The answer is a general denial of plaintiff's complaint, and a further answer that the personal property in question belonged to defendants Mrs. Berwick and W. Schnocker when taken into possession by plaintiff after seizure by the sheriff; also claiming damages in the sum of $300 for the alleged unlawful taking and detention by plaintiff. The cause was tried before a jury, and defendants had a verdict for the return of the property or its value, fixed at the sum of $350, and for damages in the sum of $200, and the court entered judgment accordingly. In due time, plaintiff moved for a new trial, which was ordered by the court. The appeal is by defendants from this order.

The controversy is over certain barley grown on plaintiff's ranch while under lease to J. C. Berwick and F. C. Cherry. This lease had expired and was surrendered to plaintiff on November 24, 1899, and, by arrangement with plaintiff, Berwick & Cherry were allowed to remain a few days to close up their business. Defendants Mrs. Berwick and W. Schnocker were creditors of Berwick & Cherry, Mrs. Berwick being the wife of J. C. Berwick. The barley in question was sacked and stored in a building called a barn or granary, situated on the ranch. Plaintiff desired to purchase this grain to seed the land formerly rented by Berwick & Cherry. She employed one Fiske to make the purchase for her, and he went with plaintiff to the premises for that purpose on November 25th, the day following the surrender of the lease; and there is evidence tending to show that Fiske purchased the barley that day, and placed George Harloe, plaintiff's son, in charge of it, with instructions to weigh the grain and report the amount to Fiske, who would then pay for it; that the sale was with the full knowledge and consent of Berwick and Cherry, both of whom were present; that the purchase price was subsequently paid by Fiske to a receiver, who had been put in possession of Berwick & Cherry's property, and they drew this money out of the hands of the receiver by orders on him to pay creditors; that Berwick assisted Harloe in counting the sacks and arriving at the weight of the grain. The sale was on Saturday. Harloe closed all the doors but one to the barn or granary, and left that door open, at the

request of Berwick, to allow a hired man (Phoenix) to go in to sleep there as he had previously been doing. On Monday morning Harloe, with Berwick's assistance, counted the sacks, and ascertained the weight in the course of the day, and Harloe sent a report to Fiske. Monday night defendants, Mrs. Berwick and Schnocker, aided by the hired man Phoenix, hauled all this grain to an adjoining ranch and stored it, working all night to accomplish the removal. These defendants claim under an alleged sale made to them of the barley in question by Berwick in payment of claims they had against the firm of Berwick & Cherry. It is claimed that these sales were made on the 25th of November, the same day of the sale to Fiske, and that Mrs. Berwick and Schnocker did not know of the sale to Fiske. The good faith of the purchase by Fiske is not attacked by any evidence, the only claim being that there was not sufficient delivery. Cherry, one of the partners, testified fully as to the sale to Fiske for plaintiff, and that he knew nothing of the alleged sale to defendants, and never consented to any sale to them. There is some evidence, at least circumstantial if not direct, tending to show that defendants did know of the sale to Fiske when they purchased. Without going further into the matter, it is sufficient to say that the evidence is conflicting upon the question as to which of the several purchasers acquired the better right to the barley. Appellants concede that the verdict for $200 damages was error, and they claim that they were willing to waive this item of damage, and so offered to the trial court. There is nothing in the record to show any such offer. The order does not disclose the ground on which it was made. Among the grounds urged for a new trial was insufficiency of the evidence to justify the verdict. The court might well have reached the conclusion that such was the fact here. Where the court grants a new trial on this ground, as we may presume it did in the present case (Condee v. Gyger, 126 Cal. 546, 59 Pac. 26), its order is not open to review if there is any appreciable conflict in the evidence: Newman v. Overland Pac. Ry. Co., 132 Cal. 74, 64 Pac. 110.

The order should be affirmed.

We concur: Gray, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is affirmed.