### GRILL v. GUTFREUND.

(Supreme Court, Appellate Term.    December 22, 1909.)

1. APPEAL AND ERROR (§ 927*)—DISMISSAL OF COMPLAINT ON OPENING OF COUNSEL—PRESUMPTIONS.

Where the complaint was dismissed on the opening of counsel, the court on appeal must assume that plaintiff could prove all the facts he offered to prove.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3748, 4024; Dec. Dig. § 927.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. NEGLIGENCE (§ 32*)—DANGEROUS PREMISES—INVITATION.

    An owner, requesting one to make an estimate of the cost of removing fire escapes on a building, invites the latter to go on the fire escapes, if necessary, to make the estimate, and this invitation extends to a third person, asked to make the inspection and the estimate; and the owner must warn the third person of any danger in going on the fire escapes resulting from known defects, and, when he fails to do so, he is liable for injuries sustained by the third person by the fall of a fire escape, on which he had stepped to make an examination.

    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42, 43; Dec. Dig. § 32.*]

Appeal from City Court of New York, Special Term.

Action by Samuel Grill against Arnold Gutfreund. From a judgment dismissing the complaint on the opening of counsel, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Lewkowitz & Schaap (Herman W. Schaap, of counsel), for appellant.

Carl Schurz Petrasch, for respondent.

GIEGERICH, J. The complaint, as amended at the trial, alleges that the defendant, at the time in question, was the owner of certain premises in the city of New York, and that the plaintiff, while lawfully upon one of the fire escapes of the building, at the invitation of the defendant, sustained injuries through the falling of the fire escape, which was in a defective and dangerous condition, to the defendant's knowledge.

From the opening of plaintiff's case it appeared that the facts were that the defendant, desiring to remove certain fire escapes from his building, went to one Crowley and asked for an estimate upon the cost of taking them down, and that Crowley went to the plaintiff, and sent him there to look at the fire escapes, and see what the cost would be, and that it was while so engaged that he was injured by the fall of the fire escape, upon which he had stepped for the purpose of making an examination. If this had been all that the plaintiff offered to prove, the dismissal of the complaint might have been proper, upon the theory that fire escapes are provided for use in case of fire, and that the landlord is only liable for injuries sustained while they are being used for the purpose for which they were designed. Mayer v. Laux, 18 Misc. Rep. 671, 43 N. Y. Supp. 743; McAlpin v. Powell, 70 N. Y. 126, 26 Am. Rep. 555.

But the plaintiff further offered to prove that it was necessary to go upon the fire escape in order to make the examination required before an estimate of the cost of the work could be given, and that he (the plaintiff) had no knowledge that the supports of the fire escape were old, worn out, or corroded. If this could have been proved, I think the defendant would have been liable, and we are bound to assume that the plaintiff could have proved it. Clews v. Bank, 105 N. Y. 398, 11 N. E. 814. If it be the fact that it was necessary to go upon the fire escape in order to make the estimate which the defendant had requested from Crowley, it must be held that, if Crowley had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gone upon the fire escape for that purpose, he would have been there at the defendant's invitation; and if the defendant, knowing the condition of the fire escape, invited Crowley to go upon it without warning, he would undoubtedly have been liable if Crowley had gone upon it and had been injured by its fall.

It cannot be assumed, however, that the invitation to Crowley was purely a personal one. If not, any servant whom Crowley might properly have sent would have been on the premises by the defendant's invitation quite as much as Crowley himself would have been. Coughtry v. Globe Woolen Co., 56 N. Y. 124, 126, 15 Am. Rep. 387; Burke v. Ireland, 26 App. Div. 487, 492, 50 N. Y. Supp. 369; Dougherty v. Weeks & Son, 126 App. Div. 786, 789, 111 N. Y. Supp. 218. I do not know that it would make any difference in the plaintiff's case if, instead of being an agent or servant of Crowley, he had been himself an independent contractor, and had dealt with Crowley as such; nor is it necessary to pass upon that question. The plaintiff's statement of the case was that he had been sent there by Crowley, and that he went to the premises and commenced his examination pursuant to instructions. The inference that he was acting as the agent or servant of Crowley would be warranted, if necessary to his cause of action. Higgins v. Eagleton, 155 N. Y. 466, 471, 50 N. E. 287.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

GOFF, J., concurs.

LEHMAN, J. (concurring). The plaintiff, although on the premises at the invitation of the defendant, was not an employé of the defendant. The defendant did not owe the plaintiff the duty of providing him with a safe place to work. "For any such omission the defendant is not liable to one in the service of a third person, where the evidence shows no act of affirmative negligence on the part of the owner." Callan v. Pugh, 54 App. Div. 545, 66 N. Y. Supp. 1118. However, "where the owner of land, in the prosecution of his own purposes or business, or of a purpose or business in which there is a common interest, invites another, either expressly or impliedly, to come upon his premises, he cannot with impunity expose him to unreasonable or concealed dangers, as, for example, from an open trap in a passageway. The duty in this case is founded upon the plainest principles of justice." Larmore v. Crown Point Iron Co., 101 N. Y. 391, at page 395, 4 N. E. 752, at page 754 (54 Am. Rep. 718).

The complaint herein alleges that the "defendant had knowledge of the defective and dangerous condition of the said supports of said fire escape, and of the platform thereof." If the defendant, with such knowledge, invited the plaintiff upon the premises, then he was liable for any injury arising because of this act of affirmative negligence.

I concur with Mr. Justice GIEGERICH solely for this reason.