[Civ. No. 2643. Second Appellate District, Division One.—July 2, 1919.]

## FRANK E. CLOHAN, Respondent, v. ALBERT P. KELSO, Appellant.

[1] NEW TRIAL—APPEAL—EVIDENCE—PRESUMPTION.—Where the evidence is such that it would have sufficiently supported findings in favor of the party against whom the decision was given, and the trial court grants a motion for a new trial upon various grounds, including that of insufficiency of evidence, without in terms excluding such ground in its order on the minutes, the appellate court must presume, in favor of such order, that the court changed its opinion as to the effect of the evidence, and reached a conclusion upon the hearing of the motion favorable to the party making the motion.

[2] ID.—FINDINGS—PRESUMPTION.—On appeal from an order granting a new trial the presumption is against the findings and not in their favor.

[3] NEGLIGENCE—PERSONAL INJURIES TO PEDESTRIAN—SPEED OF AUTOMOBILE—EVIDENCE.—In this action for damages for personal injuries received by the plaintiff through having been struck by an automobile driven by the defendant, the fact that the defendant approached the crossing in question at a speed of twenty-five miles per hour alongside of another automobile, also proceeding at the same or a greater rate of speed, while pedestrians, including the plaintiff, were crossing the street, was sufficient to support the conclusion of the trial court that the defendant was clearly negligent.

APPEAL from an order granting a new trial. Curtis D. Wilbur, Judge. Affirmed.

The facts are stated in the opinion of the court.

B. P. Gibbs, and Duke Stone for Appellant.

Geo. M. Harker for Respondent.

CONREY, P. J.—This was an action by the plaintiff against the defendant on account of the alleged negligence of the defendant in driving his automobile against the

3. Speed of automobile as negligence, notes, 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 51 L. R. A. (N. S.) 993.

plaintiff on or about June 30, 1914, at or near the intersection of West Twelfth Street and Flower Street in the city of Los Angeles; whereby the plaintiff received personal injuries. In answer to special interrogatories, the jury found that immediately preceding the collision the defendant was operating his automobile at the rate of twenty-five miles per hour, and that in the judgment of the jury such rate of speed was not negligent. A general verdict was rendered in favor of the defendant, who now appeals from an order granting a new trial.

One of the grounds upon which the motion for new trial was based was that the evidence is insufficient to justify the verdict of the jury that the defendant was free from negligence. Appellant contends that the verdict of the jury in his favor was so clearly in accord with the evidence that there was an abuse of discretion in the trial court in granting a new trial. This raises the only question in the case on this appeal.

[1] "Where the evidence is such that it would have sufficiently supported the findings in favor of the party against whom the decision was given, and the trial court grants a motion for new trial made upon various grounds, including that of insufficiency of evidence, without in terms excluding such ground in its order entered on the minutes, we must presume, in favor of such order, that the court changed its opinion as to the effect of the evidence, and reached a conclusion upon the hearing of the motion favorable to the party making the motion." (*Pollitz* v. *Wickersham*, 150 Cal. 238, 244, [88 Pac. 911].) This rule is equally applicable whether the case be tried by a jury or by the court without a jury. [2] On appeal from an order granting a new trial, the presumption is against the findings and not in their favor. (*Condee* v. *Gyger*, 126 Cal. 546, [59 Pac. 26].)

The accident in question occurred in the middle of the afternoon, on a much-traveled street. A witness, whose place of business was at the same corner, stated that it is very seldom that you could see a block in either direction free of cars. Assuming, as did the court below, that the rate of speed permitted was controlled by the state law and not by a city ordinance limiting to ten miles per hour the rate of speed at that street intersection, it was the duty

of the defendant to drive his automobile "at a rate of speed not greater than is reasonable and proper, having regard to the traffic and use of the highway." (Motor Vehicle Act of 1913 (Stats. 1913, p. 649), sec. 22, subd. b.) At the time of the accident, the plaintiff was walking toward the west across Flower Street on the south side of Twelfth Street, and the defendant was driving north on Flower Street. Defendant, according to his testimony, saw the plaintiff and his companion walking across the street, when defendant was 150 feet from them. Then, he says, before the accident, "Mr. Clohan hesitated and started on, facing me, with his hand in this position [indicating], as much as to say, 'I have plenty of time.' Suddenly, as he got to a point beyond my clearance, he stepped back as though something unforeseen had caused him to step back— my recollection is that a car passed me and went on ahead of me."

The argument of counsel for appellant is directed principally to criticism of an opinion filed by the court when the order granting a new trial was made. Whether that opinion is correct or not is not the issue to be determined here. The appeal is, as it must be, from the order, and not from the opinion. [3] We may say, however, that if by its order the court intended to determine (as presumably it did and as stated in the opinion), that, "for the defendant to approach the crossing at the speed it was found by the jury he did, alongside of another automobile, also proceeding at the same or a greater rate of speed, while pedestrians were crossing the street, was, as a matter of fact, clearly negligence," we think that the evidence was sufficient to support that conclusion.

The order is affirmed.

Shaw, J., and James, J., concurred.