[Civ. No. 3069.  First Appellate District, Division One.—November 5, 1919.]

JOSEPHINE MARR, Appellant, v. MILO L. ROWELL et al., Defendants; MILO L. ROWELL, Respondent.

[1] PLEADING—NEGLIGENT CONSTRUCTION AND USE OF FIRE-ESCAPE—LIABILITY OF BOTH OWNER AND LESSEE.—An action for damages for personal injuries may be maintained against both the owner and the lessee of a building, the owner for the negligent construction of a fire-escape forming part of said building, and the lessee for the negligent use thereof, and the sustaining of a general demurrer to the complaint as to the owner, without leave to amend, on the theory that the premises, being in the possession of the lessee, the owner could not be liable, is erroneous.

APPEAL from a judgment of the Superior Court of Fresno County. George E. Church, Judge. Reversed.

The facts are stated in the opinion of the court.

Everts & Ewing and M. G. Gallaher for Appellant.

Geo. Cosgrave for Respondent.

KERRIGAN, J.—This is an appeal from a judgment entered after an order sustaining a general demurrer to the complaint without leave to amend.

[1] The action is for personal injuries, and was instituted by the plaintiff against the defendants Milo L. Rowell and H. S. Whistler, the lessor and lessee respectively of certain premises in which the injury occurred. The court overruled the demurrer as to Whistler, the lessee, and sustained it as to Rowell, the owner, apparently on the erroneous theory that the premises, being in possession of the lessee, the owner thereof could not be liable.

From the complaint it appears that the plaintiff attempted to allege a cause of action against both the lessor and lessee of the building on the theory that each of them was responsible for the injury—the lessee for the negligent use, and the lessor for the negligent construction of a fire-escape forming part of said building. On this theory a cause of action may be maintained against both defendants. (*Rider* v. *Clark,* 132 Cal. 382, [64 Pac. 564]; *Kalis* v. *Shattuck,* 69 Cal. 593, 597, [58 Am. Rep. 568, 11 Pac. 346].) And the most that can be said against this complaint is that it imperfectly alleges a cause of action against the lessor, for which reason, no doubt, he might have specially demurred; but containing, as it does in the last analysis, we think, sufficient facts to constitute a cause of action against said defendant, the court was in error in sustaining his general demurrer. (*Shaake* v. *Eagle,* 135 Cal. 472, [63 Pac. 1025, 67 Pac. 759]; *Payne* v. *Baehr,* 153 Cal. 447, [95 Pac. 895]; *Robertson* v. *Burrell,* 110 Cal. 579, [42 Pac. 1086]; *Norton* v. *Bassett,* 158 Cal. 427, [111 Pac. 253].)

The judgment is reversed.

Richards, J., and Beasly, P. J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 2, 1920.

All the Justices, except Wilbur, J., concurred.