[Civ. No. 3403.  First Appellate District, Division One.—September 27, 1920.]

## JOSEPHINE MARR, Appellant, v. H. S. WHISTLER, Respondent.

[1] APPEAL — ORDER GRANTING NEW TRIAL — INSUFFICIENCY OF EVIDENCE.—Where a motion for a new trial was made upon several grounds including the insufficiency of the evidence to justify the verdict and the order granting the motion specified that it was granted on all of the grounds set forth in the notice of intention to move for a new trial, the appellate court in determining the correctness of the court's ruling is not foreclosed from considering the ground of the insufficiency of the evidence, notwithstanding the provision of section 657 of the Code of Civil Procedure.

[2] ID.—RULING ON MOTION FOR NEW TRIAL—INSUFFICIENCY OF EVIDENCE—DISCRETION—APPEAL.—The action of the trial court in granting or denying a motion for a new trial for insufficiency of the evidence is conclusive upon the appellate court, unless there has been an abuse of discretion.

[3] ID.—SUBSTANTIAL CONFLICT IN EVIDENCE—ORDER GRANTING NEW TRIAL.—When there is a substantial conflict in the evidence, the trial court will not be deemed to have abused its discretion when it has determined that the verdict, or the finding, is against the weight of the evidence and that there should be a new trial.

[4] ID.—DENIAL OF MOTION FOR INSTRUCTED VERDICT—IMMATERIALITY. An order granting a new trial will not be disturbed on appeal by reason of the fact that at the conclusion of the testimony the defendant made and the trial court denied a motion for an instructed verdict, since it will be presumed that the court changed its opinion as to the effect of the evidence.

[5] NEGLIGENCE—VIOLATION OF MUNICIPAL ORDINANCE.—The maintenance of a fire-escape in violation of a municipal ordinance is negligence *per se,* and one injured from such a violation is entitled to recover damages, unless his own negligence proximately contributed to the injuries.

[6] ID.—PERSONAL INJURY—FALL THROUGH OPENING IN FIRE-ESCAPE OF HOTEL—KNOWLEDGE OF PLAINTIFF—MATERIAL ISSUE.—In an action for personal injuries in falling through an aperture in the floor of a fire-escape in a hotel, the knowledge of the plaintiff concerning the escape and its surroundings was a material issue, and if the plaintiff knew or had reason to believe that it was not

---

5. Fire-escape as attractive nuisance, note, 9 A. L. R. 271.

used for any purpose except to escape from fire, its use for any other purpose made the user a trespasser.

[7] ID.—CONTRIBUTORY NEGLIGENCE — BURDEN OF PROOF. — Negligence on the part of the plaintiff is a matter of defense to be proved affirmatively by the defendant, unless· it can be shown or inferred from the evidence given in support of the plaintiff's case.

APPEAL from an order of the Superior Court of Fresno County granting a new trial. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Everts & Ewing and M. G. Gallaher for Appellant.

C. K. Bonestell for Respondent.

WASTE, P. J.—This is an action for personal injuries sustained by the plaintiff in falling through an unguarded opening in the platform of the fire-escape adjacent to her room, on a building in the city of Fresno, owned by the defendant Rowell, and in which the defendant Whistler, as lessee, conducted a hotel. The action was instituted against both the owner and lessee. They appeared separately by demurrer to the amended· complaint, that of the defendant Whistler being overruled; that of the defendant owner, Rowell, was sustained, without leave to amend, and judgment was entered in his favor. The plaintiff, the appellant here, appealed and the judgment was reversed by this court, a hearing in the supreme court being denied. (*Marr* v. *Rowell*, 44 Cal. App. 147, [185 Pac. 1000].) In the meantime the action was tried as between plaintiff and the defendant Whistler. The jury rendered a verdict fixing the plaintiff's damages in the sum of $6,050, for which amount the judgment was entered. Thereafter the defendant made a motion for a new trial, which was granted. This appeal is by the plaintiff from that order.

[1] The motion for a new trial was made upon three grounds specified in the notice, namely: Insufficiency of the evidence to justify the verdict; that the verdict was against law; and errors of law occurring at the trial. The order of the court specified that the motion was granted "on all of the grounds set forth in the said defendant's notice of

intention to move for a new trial." Section 657 of the Code of Civil Procedure (as amended by Stats. 1919, p. 141) provides that "when a new trial is granted upon the ground of the insufficiency of the evidence to sustain the verdict, the order shall so specify; otherwise, on appeal from such order, it will be presumed that the order was not based upon that ground." Appellant argues, therefore, that in determining the correctness of the court's ruling in granting a new trial, we are not at liberty to consider the insufficiency of the evidence as one of the grounds appealing to the lower court as a basis of its order. We think there is nothing in the point. The court's order specifies that the new trial was granted on *all* of the grounds set forth in said defendant's notice of intention, one of which is the insufficiency of the evidence to justify the verdict. While the form of the order is not to be commended, we think there was such a substantial compliance with the requirement of the code section as to warrant us in concluding that the insufficiency of the evidence to sustain the verdict was one of the grounds upon which the new trial was granted.

It appears from the evidence in this case that at about 9:30 o'clock in the evening of the sixth day of August, 1917, the plaintiff and appellant, Josephine E. Marr, applied to the respondent Whistler for a room in the Kern-Kay Hotel in the city of Fresno, kept by him. He assigned her to room 25, and immediately conducted her to it. This room was at the end of the hallway on the second floor of the hotel. At the opposite side of the room from the door opening into it from the hall there was a doorway giving access to the floor of the lowest balcony of a fire-escape. In this doorway was an ordinary swinging wood door, opening into the room, which was open at the time. There was also a screen door opening out, which at the time was closed, but neither locked, barred, nor latched. At about 10 o'clock, it being dark, the appellant swung the screen door open and stepped through the door leading to the fire-escape on the outside. She took hold of the iron railing and immediately fell through an aperture in the platform, falling to the ground, a distance of from eighteen to twenty feet, sustaining very severe injuries. The hole through which appellant fell was a rectangular opening, twenty-two by twenty-four inches, in the floor of the fire-escape, and about eighteen

inches of the opening was directly in front of the door through which the appellant stepped. The near margin of the opening was about twenty-two inches from the door-sill. The appellant testified that, looking through the screen door, she saw the railing of the fire-escape, and believed that the platform was a balcony for the use of the guests of the hotel. She denied seeing the ladder of the fire-escape leading to the floor above. She had previously been a guest at the hotel, was familiar with the fire-escape in another part of the building, which was through a window to a platform barred by an iron railing. Her testimony is that she did not know that the door through which she walked led to the fire-escape outside of room 25, but thought that the balcony was a perfectly safe place, she having been informed by another woman resident of the hotel that she had used it as a place on which to sit and dry her hair. She had heard room 25 referred to as a ''fire-escape room,'' but did not know that the balcony on which she stepped, through the unprotected door, was a part of the fire-escape. Because of the darkness, she testified, she did not see the opening in the platform.

An ordinance of the city of Fresno, in force at the time of the accident, provided that the floor or bottom of the lowest balcony of every fire-escape should have no opening or open space therein, of a greater width than one inch. It also provided that where fire-escapes could not be so placed as to be accessible from the hall or corridor, and where the only means of reaching the fire-escape was through a room, the door of such room should be a sash door, over which should be suspended a light of not less than eight-candle power, encased in a red-colored globe, which should be kept continuously lighted from sunset to sunrise of each day, and in addition there should be painted upon the wall, contiguous to this light, or upon a sign suspended not more than twelve inches below it, the words ''To the Fire Escape,'' the letters to be not less than three inches in height. While it does not appear that there was any lighted red danger signal, as required by the ordinance, the hallway adjacent to room 25 was shown to be fairly well lighted, and on cross-examination the appellant admitted that on the night of the accident there was a sign on the wall, within five, or six inches of the right-hand side of the door lead-

ing into the room, which bore the legend, "Fire Escape Through This Room."

The appellant alleged and testified that there was no sign or warning of danger in room 25, or at the door opening out on to the fire-escape. The respondent Whistler and witness Hart testified that at the time of the accident such a warning was in place. During the trial the jury inspected the premises, and at that time there was a sign with the words "Fire Escape" printed on it in large letters over the door in question. There was also evidence that the fire-escape was on the side of room 25 which overlooked an alley; that when the wooden door was opened, and the screen door closed, a person could see the ladder or stairway on the fire-escape, it being painted black and being located directly in front of the door. Respondent Whistler testified that when he took appellant to room 25 on the night in question, and turned on the light, Mrs. Marr went over to the door and looked out on the fire-escape and said, "I am going to pull the bed over in front of the fire-escape door so the air will blow in," and that immediately after the fall Mrs. Marr said to him, "Oh, Mr. Whistler, I didn't know the hole in the fire-escape was uncovered. Mrs. Robinette [a former occupant of room 25] told me it was covered up." Appellant denied making either of these statements. Mrs. Robinette testified that, as nearly as she could remember the conversation, she had told Mrs. Marr that room 25 was "a nice cool room . . . there was a fire-escape in there, and we left the door open, and I used to go out there and dry my hair."

In instituting her action the appellant relied on, and pleaded, the carelessness and negligence of the respondent in maintaining the platform of the fire-escape with the opening, and the doorway near it, without signs of danger or warning. But she went further and pleaded certain matters intended, so she states in her brief, "to negative contributory negligence" on her part. These were that she had no notice of the dangerous condition of the fire-escape, could not see its condition from the room, did not know that the platform was part of the fire-escape, but believed it was a balcony for the use of guests in the room. These allegations were squarely denied by the defendant, and we do not think the appellant can now escape their effect by argu-

ing that they were unnecessary. While, ordinarily, contributory negligence is an affirmative defense to be specially pleaded, in this case the appellant tendered the issue herself, and it was met by the denials and proof of the respondent. The case was tried on the theory thus presented, evidence was introduced without objection as to its materiality, and the court included in its charge to the jury instructions covering the question of the contributory negligence of the plaintiff, and the burden resting on the defendant to prove the same. We are convinced from the entire record that the question of the contributory negligence of the plaintiff must have been uppermost in the consideration of the trial court in granting the motion for a new trial. Otherwise there would be scant reason for such action on its part.

[2] The wide extent of the discretion of the trial court in granting or denying a new trial for insufficiency of the evidence is well-nigh axiomatic. Its action in such matters is conclusive upon the appellate court unless there has been an abuse of discretion. [3] When there is a substantial conflict in the evidence, the trial court will not be deemed to have abused its discretion when it has determined that the verdict, or the finding, is against the weight of the evidence and that there should be a new trial. (*Gordon* v. *Roberts*, 162 Cal. 506, 509, [123 Pac. 288].) It was the duty of the court to grant the new trial in this case if it was not satisfied with the verdict (*Curtiss* v. *Starr*, 85 Cal. 376, 377, [24 Pac. 806]), and it was not bound by the rule as to conflicting evidence, as is this court. (*Pollitz* v. *Wickersham*, 150 Cal. 238, 244, [88 Pac. 911]; *Condee* v. *Gyger*, 126 Cal. 546, 547, [59 Pac. 26].) "Even in cases where there may not appear to be a conflict in the evidence, and where all the proofs seem to be favorable to the one or the other of the parties litigant, the question as to the probative force or evidentiary value of the testimony, in a proceeding on a motion for a new trial based upon the ground that the evidence is insufficient to justify the verdict, is one whose determination is with the trial court. The rule (elementary and commonly familiar in our system of jurisprudence) is that the plaintiff in a civil action must establish his case by a preponderance of proof, but, although many witnesses may testify directly in favor of his position, and no adversary testimony directly adduced, it is still with the jury,

49 Cal. App.—24

in the first instance, and finally with the trial court, where a new trial is asked on the ground stated, to say whether such testimony, when subjected to the legal tests whereby the probative value of evidence is to be judged, measures up to the requirement of the law as to the degree of proof essential to the support of an issue of fact." (*Otten* v. *Spreckels,* 24 Cal. App. 251, 257, [141 Pac. 224, 226].) In such cases the presumption is in favor of the order and against the findings, or the verdict. (*Condee* v. *Gyger, supra; Hass* v. *Mutual etc. Assn.,* 118 Cal. 6, 10, [49 Pac. 1056].)

[4] The fact that at the conclusion of the testimony the defendant made, and the court denied, a motion to instruct the jury to bring in a verdict for the defendant, does not change the situation. We must presume in favor of the order granting the new trial that the court changed its opinion as to the effect of the evidence, and reached a conclusion upon the hearing of the motion favorable to the defendant. (*Clohan* v. *Kelso,* 42 Cal. App. 67, [183 Pac. 349].)

[5] In the instant case the maintenance by the defendant of the fire-escape in violation of the ordinance of the city of Fresno was negligence *per se.* The presence of the unguarded opening in the platform, just outside and practically opposite the doorway of room 25, resulted in maintaining a dangerous trap. The defendant being thus shown to be negligent, the plaintiff was entitled to recover, unless her own negligence proximately contributed to her injuries. The conflict in the testimony which we have already summarized turns upon that question. It would subserve no useful purpose to restate at length the facts of the case, as they are shown by the record. So far as the sufficiency of the evidence is concerned, we cannot say that any such abuse of the discretion lodged in the trial court appears as would justify this court in reversing the order granting a new trial.

[6] That the knowledge plaintiff possessed, concerning the fire-escape and its surroundings, was a material issue in the case is conceded by the appellant, when she admits in her brief that "if the plaintiff in this action had known that the platform was that of a fire-escape and had known or had had reason to believe that it was not used for any purpose except to escape from fire in the building, then to step

upon it for any other purpose would have made her a trespasser." Her concession is borne out by the authorities. (*McAlpin* v. *Powell*, 70 N. Y. 126, 131, [26 Am. Rep. 555]; *Mayer* v. *Laux*, 18 Misc. Rep. 671, 673, [43 N. Y. Supp. 743]; *Kelly* v. *Smith*, 29 App. Div. 346, 349, [51 N. Y. Supp. 413].)

The second ground on which the motion for a new trial was granted was "that said verdict was against the law." This is largely corollary of the first, for if the evidence was not sufficient to warrant the conclusion arrived at by the jury, that the negligence of the defendant was the proximate cause of plaintiff's injuries, the verdict should have been in his favor.

[7] Certain "errors of law occurring at the trial," which was one of the grounds upon which the motion for a new trial was granted, are pointed out by the respondent. In the instructions given by the trial court, on the question of the contributory negligence of the plaintiff, which appear to have been given in keeping with the understanding, and theory, upon which the case was tried, the jury were told "that the burden of proving the contributory negligence of the plaintiff is upon the defendants." The rule, correctly stated, is that negligence on the part of the plaintiff is a matter of defense to be proved affirmatively by the defendant, unless it can be shown or inferred from the evidence given in support of the plaintiff's case. (*Green* v. *Southern Pac. Co.*, 132 Cal. 254, 257, [64 Pac. 255]; *Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 409, 426.)

It was proper to instruct the jury in relation to the ordinance of the city of Fresno regulating the construction and maintenance of fire-escapes. (*Sheyer* v. *Lowell*, 134 Cal. 357, 359, [66 Pac. 307].) During the cross-examination of the appellant she was questioned by counsel for the respondent as to her motive in going upon the fire-escape. The court sustained an objection to the testimony. Respondent assigns this as error. In view of the fact that her counsel stipulated that her going on the balcony "was not on account of fire," the manifest purpose respondent had in view was accomplished, and no harm resulted from the ruling.

The order granting a new trial is affirmed.

Welch, J., *pro tem.*, and Richards, J., concurred.