[Civ. No. 1468.   Second Appellate District.—May 23, 1916.]

HERBERT KENNETH PRIESTLEY, an Infant, by H. I. Priestley, His Guardian ad Litem, Respondent, v. A. M. STAFFORD, Appellant.

PHYSICIAN AND SURGEON—TREATMENT OF PATIENT—DEGREE OF LEARNING AND SKILL REQUIRED.—There is no implied contract on the part of a physician who undertakes the treatment of one suffering from disease or injury, that such treatment will prove a success, or that ill and serious results may not follow as the direct result of such treatment, but he nevertheless, by implication, guarantees that he possesses that reasonable degree of learning and skill possessed by others of his profession, and that he will, in the treatment of his patient, exercise reasonable and ordinary care and skill in the application of such knowledge to accomplish the purpose for which he is employed; and where he possesses such degree of learning, and in applying it exercises ordinary care and skill, he is not liable for the results that follow.

ID.—NEGLIGENCE OF PHYSICIAN—TREATMENT OF FRACTURED ARM.—A physician who in the treatment of a fractured arm adjusted the splints and bandages in a manner so tight that no space was left for the enlargement of the arm due to the swelling that ordinarily follows in such cases, and who, upon being informed of such swelling, and of the great pain which the patient was suffering therefrom within a few hours after the treatment, neglected to visit the patient until the following day, and then took no steps to loosen the splints or relieve the pain except to suggest the administration of a dose of paregoric, is guilty of negligence in failing to exercise that degree of skill and care ordinarily exercised by the members of his profession.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

G. R. Freeman, for Appellant.

McFarland & Irving, for Respondent.

SHAW, J.—Action to recover damages alleged to have been sustained as the result of negligent surgical treatment administered by defendant.

Judgment went for plaintiff, from which, and an order denying his motion for a new trial, defendant appeals.

It appears that on May 2, 1911, the plaintiff Herbert Kenneth Priestley, a minor, suffered a fracture of the radius and ulna of his right arm; that defendant, a physician and surgeon, was for compensation employed by plaintiff's father to set, care for, and treat the fractured arm of said minor. The court found:

"That pursuant to said undertaking said defendant within one hour after the injury had occurred, examined the said broken arm of plaintiff, reduced the fracture, and applied anterior and posterior wooden splints to said arm and bandaged said splints with a roller bandage; that in the bandaging of said arm as hereinabove described, the said defendant did not make sufficient allowance for the swelling invariably attendant upon fractured limbs; that within two hours after said splints were applied said arm was subjected to undue pressure by said splints by reason of said swelling; that said defendant negligently, carelessly, and without proper or usual care, permitted said splints to remain upon said arm, without adjustment for a period of thirty-eight hours, although said defendant was notified within three hours after said splints were applied that said minor was suffering extreme physical pain by reason of said pressure; that as a result of said pressure, the circulation of blood through said arm was impaired, resulting in necrosis of the skin and ulceration of the skin, flesh and tendons on both sides of said arm immediately beneath the entire length of the splints; that by reason of said negligence and careless and unskillful manner of bandaging said splints upon said arm and permitting them to remain thereon without readjustment for a period of thirty-eight hours, and the necrosis and ulceration caused thereby, the muscles and tendons of said arm have contracted, and said

arm has become permanently deformed, and the right hand of said minor is now useless, and said minor will not in the future recover the normal use of said hand.

"That said defendant, in the treatment of said arm of said minor, did not exercise that degree of skill and care ordinarily exercised by the members of his profession, practicing in the said city of Corona, and similar localities."

The only ground urged for a reversal is appellant's contention that these findings are not supported by the evidence. That the child's hand and arm were badly crippled and deformed is conclusively shown, and the evidence is ample to prove that such condition was due to the manner in which the splints and bandages were applied by defendant in dressing the arm after reducing the fracture, and the fact that as applied they were continued without change for some thirty-eight hours.

While in actions of this character the injury, and the fact that it resulted from the professional treatment administered must be established, such finding standing alone will not justify a recovery of damages by a plaintiff. On the part of a physician who undertakes the treatment of one suffering from disease or injury, there is no implied contract that such treatment will prove a success, or that ill and serious results may not follow as the direct result of such treatment. While "not a warrantor of cures" (*Ewing* v. *Goode,* 76 Fed. 442), he nevertheless by implication guarantees that he possesses that reasonable degree of learning and skill possessed by others of his profession, and that he will in the treatment of his patient exercise reasonable and ordinary care and skill in the application of such knowledge to accomplish the purpose for which he is employed. (*Houghton* v. *Dickson,* 29 Cal. App. 321, [155 Pac. 128]; *Bonnet* v. *Foot,* 47 Colo. 282, [107 Pac. 252].) And where he possesses such degree of learning and in applying it exercises ordinary care and skill, he is not liable for results that follow. (*Wurdemann* v. *Barnes,* 92 Wis. 206, [66 N. W. 111]; *James* v. *Crockett,* 34 N. B. 540.)

Since the contrary is not made to appear, it must be conceded that defendant possessed the requisite professional skill and learning. The court, however, as stated, found: "That said defendant, in the treatment of said arm of said minor, did not exercise that degree of skill and care ordinarily exercised by the members of his profession. . . . " There is no

conflict of evidence as to the fact that the fracture was properly reduced; nor as to the manner in which the splints and bandages were adjusted, and the length of time they were continued as originally applied without change. The evidence, however, strongly tends to prove that defendant, for the purpose of retaining the fractured bones in place, adjusted splints and bandages to the injured arm in a manner so tight that no space was left for the enlargement of the arm due to the swelling that ordinarily follows in such cases, by reason of which, great and undue pressure was applied to the tissues, causing intense pain and complaint by the child that the splints were too tight, of which fact defendant, within an hour or so after leaving the patient, was informed by the boy's father, who suggested that the splints were too tight, notwithstanding which he neglected to visit the boy until the next morning, some ten or twelve hours thereafter, and took no steps to ascertain whether or not the splints should be removed in order to reduce the pressure and relieve the child from the pain due to such undue pressure, other than advising the boy's father to administer a dose of paregoric. ''Negligence on the part of a physician consists in his doing something which he should not have done, or in omitting to do something which he should have done.'' (*McGraw* v. *Kerr*, 23 Colo. App. 163, [128 Pac. 870, 873].) And since it must be conceded upon the evidence that the condition of the boy's hand and arm was due to undue pressure caused by the fact that the splints were adjusted in a manner which did not allow for the usual swelling accompanying such cases, the question as to whether such omission constituted negligence was one for expert testimony. When defendant was informed that the child was suffering intense pain, and asked if he did not think the splints were too tight, he stated that if the splints were removed he would prefer to do it himself, and said he did not think it would be necessary to do that, as he wanted the splints tight. Dr. Stafford did not make any other suggestion, nor advise that he be called again; nor did he visit the patient until the following morning, at which time the child's fingers were curled over the end of the splints, swollen and discolored, indicating, according to expert witnesses called, that the splints were too tight, as a result of which great pressure was exerted upon the tissues of the arm. No change, however, was made in the splints or bandages. Among other physicians called to testify

as to the treatment administered by defendant, was Dr. Martin, who testified as follows: "From my understanding of the practice of medicine and surgery in this vicinity, and at Corona, I consider that a physician upon being notified of extreme pain existing in a child whose arm had been fractured, and that the child complained that the splints as applied were too tight, should in the exercise of ordinary prudence, have either called upon the child and determined the cause of the pain, or have ordered the splints loosened. I do not recall any other cause which would cause extreme pain in a fractured limb within one hour after the splints had been applied other than tight splints. . . . The injury to the muscles would be produced by the tightness with which the splints were applied." And Dr. Griffith testified that, upon being informed within an hour or two of the fact that the child was suffering extreme pain, "my own practice is to loosen the splints, or, if I cannot get to the patient, to tell them to loosen them themselves"; and further, that the pain suffered by the child indicated that the splints were too tight. He further testified that the swollen and discolored condition of the fingers, as found the next morning, indicated that the splints as applied by Dr. Stafford upon the arm of the child were too tightly applied. There was other testimony of physicians, all of which clearly tended to prove that defendant was not only negligent by reason of the fact that he applied the splints and bandages in a manner which made no allowance for the swelling of the arm accompanying such fractures, but that he was likewise negligent when, upon being informed within an hour after leaving the child that he was suffering excruciating pain and complaining that the splints were too tight, in not removing the splints himself or having them removed; and likewise negligent, when he visited the child the following morning and discovered the condition of the hand and arm, in not removing the splints in order to relieve the undue pressure which was then apparent. These facts, as well as others which the evidence clearly tended to establish, fully support the finding of the court that defendant in treating the fractured arm of plaintiff, did not exercise that degree of skill and care ordinarily exercised by the members of his profession practicing in Corona and similar localities.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.