[Civ. No. 2394. First Appellate District.—May 7, 1918.]

ANNA LINN et al., Respondents, v. F. C. PIERSOL, Appellant.

APPEAL—JUDGMENT—ORDERS DENYING NONSUIT AND DIRECTED VERDICT—CHANGE OF STATUTE—REVIEW.—On an appeal from a judgment taken more than sixty days after its entry, the action of the court in denying motions for nonsuit and directed verdict are reviewable, where the case is one where the statute abolishing appeal from orders denying a new trial went into effect while motion for new trial was pending and undecided.

ID.—UNDERTAKING ON APPEAL—TIME FOR FILING.—Where notice of appeal is filed before the expiration of the statutory period, an undertaking filed within five days thereafter is within time, although the undertaking was filed more than six months after the judgment.

NEGLIGENCE—ACTION FOR MALPRACTICE—MISTAKE OF JUDGMENT—NONLIABILITY FOR DAMAGES.—In an action against a physician for alleged negligence in the use by him in an operation of nonabsorb-

able silk sutures instead of catgut, the defendant cannot be held liable where it is shown that he performed two operations, and that on the first he used catgut, from which a hemorrhage resulted, and therefore he used silk in the second operation, it being at most a mistake in weighing the probable consequences of the use of the different materials.

PHYSICIANS AND SURGEONS—ORDINARY SKILL.—A physician is required to possess only ordinary skill in his profession and to use his best judgment in the exercise of that skill.

APPEAL from a judgment of the Superior Court of Mendocino County.   J. Q. White, Judge.

The facts are stated in the opinion of the court.

J. K. Piersol, Thomas & Thomas, and Robert Duncan, for Appellant.

Mannon & Mannon, for Respondents.

ZOOK, J., *pro tem.*—In this action, defendant, a physician, appeals from a judgment in favor of plaintiff, Anna Linn, in an action for his alleged malpractice.   His main point on this appeal is that there was no showing of negligence on his part sufficient to warrant sending the case to the jury, and that, therefore, either his motion for nonsuit or his motion for a directed verdict should have been granted.

Respondents contend that this point cannot be considered because the appeal was taken more than sixty days after the entry of the judgment.   The case is one where the statute abolishing the appeal from orders denying a new trial went into effect while the motion for new trial was pending and undecided, and under the decision of this court in *Nathan* v. *Porter*, 36 Cal. App. 356, [172 Pac. 170], it is proper on the appeal from the judgment to review the action of the lower court on the motion for new trial, and to use the bill of exceptions for that purpose.   The action of the court in denying the motions for nonsuit and for directed verdict is, therefore, reviewable on this appeal.   Respondents' further claim that the appeal should be dismissed because the undertaking on appeal was filed more than six months after the judgment is without merit.   The notice of appeal was filed before the expiration of the statutory period and the undertaking was

filed within five days thereafter and was within time. (*Lowell* v. *Lowell*, 55 Cal. 316.)

The alleged negligence of the physician for which plaintiff sought to recover lay in the use by him in an operation of nonabsorbable silk sutures instead of catgut. The only testimony in the record to show that this was improper is contained in an answer to a single question propounded to Dr. Marquis, one of plaintiffs' witnesses, who testified that a careful surgeon would not use silk in the place where it had been used. On cross-examination he admitted, however, that, where a physician requires a ligature that will hold fast to prevent bleeding, he may with propriety use the silk, and he made it clear that his previous answer was based entirely on the conditions as he found them at an operation performed by himself six months after the operation by appellant. The only other medical witness for respondents testified that the choice between silk and catgut is a matter of judgment in each particular case, and there is no testimony in the record to show that, under the conditions as they appeared to appellant when he performed the operation, the use of silk was negligence. It appeared from appellant's testimony that he had performed two operations on Mrs. Linn; that on the first occasion he had had trouble from hemorrhage as a result of the use of catgut, and that therefore he had used silk on the second occasion. It is true that the results of the use of the nonabsorbable silk in the case at bar proved unfortunate, as the silk caused certain perforations of the intestine, which produced serious trouble, but it is clear that on the second operation appellant was in a dilemma. The use of catgut had resulted in hemorrhage before, which he wished to guard against, and the use of silk might produce irrigation. Under the circumstances, he should not be held liable for what was at most a mistake of judgment in weighing the probable consequences of the different methods that might be pursued. A physician is required to possess only ordinary skill in his profession and to use his best judgment in the exercise of that skill, and if he complies with these requirements, he is not liable for the nonsuccess of his treatment. (*McGraw* v. *Kerr*, 23 Colo. App. 163, [128 Pac. 870, 873]; *Houghton* v. *Dickson*, 29 Cal. App. 321, [155 Pac. 128]; *Foreman* v. *Hunter Lumber Co.*, 36 Cal. App. 763, [173 Pac. 408].)

The motion for a new trial should have been granted, as the court's orders denying the motions for nonsuit and for directed verdict were erroneous.

The motion to dismiss appeal is denied.

Judgment reversed.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 6, 1918.