[S. F. No. 7816. In Bank.—August 23, 1918.]

## JOHN W. HESLER, Respondent, v. CALIFORNIA HOSPITAL COMPANY et al., Appellants.

PHYSICIAN AND PATIENT—OBLIGATIONS OF PHYSICIAN—INSTRUCTIONS.— The law does not require that the instructions and advice given by a physician to a patient should be at all events and beyond question "proper," or that his treatment shall be certainly such as to obtain an approximately perfect result. It requires only, first, that he shall have the degree of learning and skill ordinarily possessed by physicians of good standing practicing in that locality; and, second, that he shall exercise reasonable and ordinary care and diligence in treating the patient and in applying such learning and skill to the case.

ID.—MALPRACTICE—ACTION FOR DAMAGES.—In an action for damages for negligence in the care and treatment of a patient in a hospital, instructions to the jury are erroneous which require that the advice given by the physician to the patient shall be "proper," which implies that no error shall be committed, or that the physician shall do everything necessary to be done to produce an approximately perfect result, or that he guarantees his treatment shall be of that quality, whereas the law only demands that he use reasonable care to obtain such approximate perfection, or that he is bound to use, and of course to have, a degree of skill "adequate" to the performance of his undertaking, the law requiring that he have only the degree of skill ordinarily possessed by reputable physicians practicing in that locality.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

Myrick & Deering, and James Walter Scott, for Appellants.

E. J. Mize, for Respondent.

SHAW, J.—The appeal is from the judgment. After the appeal was taken the plaintiff died and Effie Johnstone, as administratrix of his estate, has been substituted as plaintiff.

Briefly stated, the complaint alleges that both defendants were engaged in the practice of medicine; that in July, 1913, the Hospital Company agreed to provide for the plaintiff all necessary medical and surgical treatment, the same to be given by some physician in its service, and all necessary medicines and hospital service during the period involved in this action; that defendant Dunn was one of the physicians employed by said company; that in November, 1914, plaintiff contracted a cold and needed medical treatment therefor; that the Hospital Company thereupon assigned Dr. Dunn to the case and Dunn undertook to give plaintiff the necessary treatment for his condition; that Dunn failed to use ordinary diligence, care, and skill in treating plaintiff, and that by reason of such failure plaintiff's sickness progressed unfavorably, he became unable to work, was confined to his room and continued to grow worse until he became afflicted with pulmonary tuberculosis, and that he was put to great expense in procuring subsequent treatment therefor, and otherwise damaged in the sum of $5,644.

There was a trial by jury which resulted in a verdict and judgment for two thousand five hundred dollars. The principal contention of the appellants in support of the appeal is that errors were committed in the court below, in giving, refusing, and modifying instructions to the jury. Error is also predicated upon certain rulings in the admission of evidence.

The court gave the following instructions:

"5. To sustain an action it is not necessary to establish gross culpability; mere evidence of want of proper or ordinary care or attention and advice in the discharge of duty by a physician is sufficient to take the case to the jury.

"6. Civil malpractice may be either active or passive. It is active when a certain course of treatment is adopted and followed which is not sustained by authorities; it is passive when those things in treatment are omitted which should have been done in order to obtain a result approximating to perfectness. . . .

"9. As a general rule, he who undertakes for a reward to perform any work is bound to use a degree of diligence, attention, and skill adequate to the performance of his undertaking; that is, to do it according to the rules of the art.

"10. The physician must give proper instructions to his patient how to take care of himself, and what diet to adopt; and in case the physician fails to give these instructions, he is liable for any injury that results from such failure."

The law on the subject of care and skill required of physicians in the treatment of patients is well settled. "A physician and surgeon, by taking charge of a case, impliedly represents that he possesses, and the law places upon him the duty of possessing, that reasonable degree of learning and skill that is ordinarily possessed by physicians and surgeons in the locality where he practices, and which is ordinarily regarded by those conversant with the employment as necessary to qualify him to engage in the business of practicing medicine and surgery. Upon consenting to treat a patient, it becomes his duty to use reasonable care and diligence in the exercise of his skill and the application of his learning to accomplish the purpose for which he was employed. He is under the further obligation to use his best judgment in exercising his skill and applying his knowledge." (*Pike* v. *Honsinger*, 155 N. Y. 209, [63 Am. St. Rep. 655, 49 N. E. 762].) "The difficulties and uncertainties in the practice of medicine and surgery are such that no practitioner can be required to guarantee results, and all the law demands is that he bring and apply to the case in hand that degree of skill, care, knowledge, and attention ordinarily possessed and exercised by practitioners of the medical profession under like circumstances." (*Zoterell* v. *Repp*, 187 Mich. 330, [153 N. W. 695].) "It is never enough to show that he has not treated his patient in that mode, nor used those measures, which in the opinion of others, even medical men, the case

required; because such evidence tends to prove errors of judgment, for which the defendant is not responsible as much as the want of reasonable care and skill, for which he may be responsible." (*Leighton* v. *Sargent*, 27 N. H. 474, [59 Am. Dec. 388].)

Instruction 5 is to the effect that a physician is liable in damages if he fails to give "proper" advice to his patient. Instruction 10 reiterates this doctrine. Instruction 6 gives the jury to understand that a physician is guilty of malpractice and liable in damages if in treating a patient he fails to do anything necessary to obtain an approximately perfect result. The law, as above stated, does not require that the instructions and advice given by a physician to a patient should be at all events and beyond question "proper," or that his treatment should be certainly such as to obtain an approximately perfect result. It requires only, first, that he shall have the degree of learning and skill ordinarily possessed by physicians of good standing practicing in that locality, and, second, that he shall exercise reasonable and ordinary care and diligence in treating the patient and in applying such learning and skill to the case. The law takes cognizance of human weakness and liability to err in the application of skill and learning, and it requires only the exercise of reasonable and ordinary care and diligence to avoid error. These instructions require more; they require that the advice given shall be "proper," which implies that no error shall be committed; they require that the physician shall do everything necessary to be done to produce an approximately perfect result; that he guarantees that his treatment shall be that of quality; whereas the law only demands that he use reasonable care to attain such approximate perfection. Instruction 9 declares that the physician is bound to use, and of course to have, a degree of skill "adequate" to the performance of his undertaking; the law requires that he have the degree of skill ordinarily possessed by reputable physicians practicing in that locality. This may or may not be "adequate" to the performance of his undertaking, according to the meaning to be given to the word "undertaking." If it was intended to mean that he undertakes a cure, or to produce a result approximating perfection, as stated in instruction 6, or that he undertakes to use the

highest possible degree of skill, the standard is higher than the law requires. The instruction is uncertain on this point, and it may have misled the jury.

The court below in other instructions stated the rule by which the defendants were bound, accurately and clearly. There is a clear conflict in the instructions. We are unable to determine which set of rules the jury followed. The case of the plaintiff on the merits, at best, is not strong. We cannot say that these instructions were not injurious to the defendant and did not improperly control the deliberations of the jury in rendering a verdict. A number of objections were made to rulings upon evidence which it is unnecessary to discuss.

The judgment is reversed.

Richards, J., *pro tem.*, Melvin, J., Sloss, J., Wilbur, J., Lorigan, J., and Angellotti, C. J., concurred.