[L. A. No. 10004.  In Bank.—June 26, 1929.]

CHRISTINA RANKIN, Respondent, v. CHARLES F. MILLS, Appellant.

Hartley F. Peart and Charles V. Barfield for Appellant.

S. V. Wright for Respondent.

LANGDON, J.—This is an appeal by defendant from a judgment against him for twelve hundred dollars in an action in which the plaintiff alleged she had employed defendant as a physician to treat and attend her after an injury to her hip, and that, by reason of improper diagnosis and treatment by said defendant, plaintiff had become a cripple for life.

It is argued by appellant that the evidence does not sustain the verdict; that the evidence fails to disclose that the defendant was guilty of any negligence in diagnosing or in the methods employed by him in arriving at his diagnosis of plaintiff's condition.

Plaintiff, a woman sixty-nine years of age, while running with children at her home at Atascadero, California, fell and injured her hip. She was in great pain and could not put her foot upon the ground. She was carried to her home and the defendant was called. He administered an anesthetic and the following day he treated her for a dislocated hip. Defendant testified that after administering the anesthetic, and after proper manipulation, he reduced the dislocation and the limb went back into its natural position with no shortening of the leg, and he advised the patient to be quiet in bed. He also told her that she had merely a dislocation of the hip and that she would be walking about within nine days. There is a sharp conflict in the testimony with reference to what was said about X-ray pictures. Plaintiff and her family testified that defendant said he was glad that no X-ray pictures would be necessary, because the nearest apparatus was at San Luis Obispo, a distance from Atascadero of about twenty-five miles, and its use would necessitate a long, hard, expensive journey for plaintiff. Defendant testified that he advised X-ray pictures, but the suggestion was resisted by the family of plaintiff because of

the expense involved. Since this matter is vital to the findings and verdict, we must accept the testimony in the record with reference to it which is in accord with the conclusion reached by the jury. For about three months defendant treated plaintiff for a dislocated hip and had her walking about, pushing a chair before her, and later had her walk with crutches, and he at no time caused an X-ray picture to be taken, nor did he cause the hip to be encased so as to restrain its movement and keep broken bones in place. After this period of time had elapsed, plaintiff became apprehensive, because of her failure to improve, and sought other medical advice. X-ray pictures were taken, which revealed that there had been a fracture of the hip bone, which had made a fibrous instead of a bony union; that the leg was shortened and that it was then too late to secure a bony union of the broken bones. It is also in evidence, on behalf of defendant, that, due to the age of the patient, a bony union was very unlikely under any form of treatment and that the majority of patients under the same conditions become crippled for life regardless of the treatment used. On the other hand, the record contains the testimony of the physicians who took the X-ray pictures to the effect that the pictures reveal a fractured hip which had been improperly treated; that "the leg was in a position of external rotation and was shortened and it would not have been that way if it had been properly treated." This testimony we must accept, also, rather than the testimony offered by defendant upon this question, in view of the conclusion of the jury. This testimony comes from an expert; the witness giving it was a graduate physician and surgeon from the medical school of Stanford University, state of California, and with a large and varied experience in the study and practice of taking X-ray pictures.

Appellant contends that because the expert medical witnesses for plaintiff did not testify that the defendant failed to use the degree of skill and care ordinarily possessed and exercised by members of his profession in good standing, practicing in the same or similar localities, the verdict cannot stand, and that the testimony that the treatment employed was improper is insufficient. Reliance is placed upon the case of *Hesler* v. *California Hospital Co.*, 178 Cal. 764 [174 Pac. 654]. That case contains the following language: "The law, as above stated, does not require that the instruc-

tions and advice given by a physician to a patient should be at all events and beyond question 'proper,' or that his treatment should be certainly such as to obtain an approximately perfect result. It requires only, first, that he shall have the degree of learning and skill ordinarily possessed by physicians of good standing practicing in that locality, and, second, *that he shall exercise reasonable and ordinary care and diligence in treating the patient and in applying such learning and skill to the case."*

■ Conceding that the record does not disclose, affirmatively, that the defendant did not have the required degree of skill and learning, it is certainly sufficient to sustain the inference that he did not "exercise reasonable and ordinary care and diligence in treating the patient and in applying such learning and skill to the case." For if we accept the testimony favorable to respondent, as we must do, we are forced to the conclusion that the defendant, knowing an X-ray machine was to be had in the place where the injury occurred, did not make use of it nor mention its existence to plaintiff and her family because he had had some unpleasant or unfriendly relations with the institution controlling this apparatus, and that he did not advise a journey to San Luis Obispo where another X-ray machine could have been found. We must also accept the testimony that plaintiff complained constantly of pain and of a sensation as though a "lot of little bones were sticking into" her, and of a grating of the bones when she attempted to move and that when plaintiff's leg was placed upon a pillow on the bed, the foot would fall outward repeatedly, indicating a broken bone in the leg. Expert testimony appears in the record to the effect that, under such conditions, and in view of the fact that no improvement occurred in the limb under the treatment for dislocation of the hip, the next step, logically and scientifically, was to investigate further the nature of the injury by taking X-ray pictures. Indeed, this would seem so obvious as to be a permissible inference without expert testimony on the subject, as would be the conclusion that a failure to do this was negligence.

■ But it is objected by appellant that the complaint does not charge negligent treatment, but only improper diagnosis and treatment by defendant. While the complaint does not use the word negligent, that circumstance is immaterial.

The facts constituting the negligence are what is required in a pleading and they are fully set forth in the complaint.

It is also contended that error was committed in giving a certain instruction to the jury. The instructions, as a whole, fairly state the law applicable to the facts. The instruction under attack by appellant is to the effect that "the law requires one who holds himself out as a practicing physician and surgeon to possess and bring to the work he performs as such the care and skill ordinarily possessed by persons following such profession, and the law also requires one who practices such profession to exercise in the practice thereof that skill and care and good judgment which is ordinarily possessed and exercised by persons following that profession." It is objected that the foregoing instruction should have limited the requirement of skill and care to that possessed by persons practicing the profession in the same locality. The objection is well taken, but it does not compel a reversal of the judgment, because it does not appear nor seem likely that the jury was misled by the omission to so qualify the instruction. The persons testifying as experts and reciting the usual practices, were all practicing their profession in Atascadero or in the immediate vicinity and all testimony on the subject has relation to that vicinity; and also in another instruction, the jury was told that the defendant was required to exercise such reasonable skill and diligence as is ordinarily exercised and used in the practice of the profession of defendant by those who practice *under like conditions*.

There are no other matters involved upon the appeal that require discussion and the judgment is affirmed.

Curtis, J., Shenk, J., Seawell, J., Richards, J., Waste, C. J., and Preston, J., concurred.