[Civ. No. 152. Fourth Appellate District.—November 7, 1930.]

GEORGE K. HIRAIDE et al., Appellants, v. DR. R. C. COCHRAN, Respondent.

Roland Thompson for Appellants.

Head, Wellington & Jacobs for Respondent.

WARMER, J., *pro tem.*—This is an appeal from an order granting a new trial in a malpractice action, the complaint charging negligence, lack of care and lack of skill of the defendant in the performance of his professional duties in caring for Cho Hiraide. The answer denies the negligence, lack of care and lack of skill. The motion for a new trial was made on a number of grounds, among which was insufficiency of the evidence to justify the verdict and that the verdict is against the law. The motion was granted upon the ground that the evidence was insufficient to justify the verdict. The sole question presented by the appellants is whether or not the evidence is sufficient to justify the verdict of the jury. From a careful reading of the brief of the appellants it appears that the appellants have applied the rule on appeal as the rule for the direction of the trial court on the motion for a new trial and contend that if there is sufficient evidence to support a verdict on appeal from the judgment that the trial court commits error if it grants a new trial.

Appellants cite the case of *Priestly* v. *Stafford,* 30 Cal. App. 523 [158 Pac. 776], as authority in support of his contention. This is an action which is an appeal by the defendant from the judgment and an order denying his motion for a new trial. The only ground urged for reversal is appellant's contention that the findings are not supported by the evidence, and the appellate court quotes the evidence and finds that there is sufficient evidence to support the judgment. *Taylor* v. *DeVaughn,* 91 Cal. App. 318, 324 [266 Pac. 960], cited by appellants, is a case of an appeal to the same effect. The court there says: "The findings of the trial court have ample support in the evidence." *Rankin* v. *Mills,* 207 Cal. 438 [278 Pac. 1044], also cited by appellants, is an appeal from the judgment. It would seem, therefore, necessary to again review a few of the many cases announcing the rule for the guidance of the trial court in passing upon a motion for a new trial in the determination of this appeal.

· The old case of *Curtiss* v. *Starr & Co.,* 85 Cal. 376 [24 Pac. 806], is a case in which the plaintiff introduced testimony tending to show certain facts which the jury evidently believed, but from the granting of the motion for a

new trial it must be presumed, the judge did not. In this case the court says: "And if he did not, it was his duty to grant a new trial. The rule as to conflict of evidence does not apply in the trial court. The judge should set aside the verdict whenever he is not satisfied with it upon the evidence, and his order in that regard will not be disturbed on appeal if the evidence is substantially conflicting. (*Dickey* v. *Davis*, 39 Cal. 569; *Sherman* v. *Mitchell*, 46 Cal. 580; *Irving* v. *Cunningham*, 58 Cal. 306; *Breckenridge* v. *Crocker*, 68 Cal. 403 [9 Pac. 426].)"

In *Gordon* v. *Roberts*, 162 Cal. 506, at 509 [123 Pac. 288, 289], the court says: "And, if there is a substantial conflict in the evidence, the trial court will not be deemed to have abused its discretion when it has determined that the verdict or the finding is against the weight of the evidence, and that there should be a new trial. 'When the evidence is conflicting, the trial court is authorized to review it, and if, in its opinion, the verdict is against the weight of evidence, it is its duty to grant a new trial.' (*Warner* v. *Thomas etc. Works*, 105 Cal. 409 [38 Pac. 960]. See, also, *Bjorman* v. *F. B. R. R. Co.*, 92 Cal. 500 [28 Pac. 591]; *Cole* v. *Wilcox*, 99 Cal. 549 [34 Pac. 114]; *Bledsoe* v. *De Crow*, 132 Cal. 312 [64 Pac. 397].)"

In the case of *Marr* v. *Whistler*, 49 Cal. App. 364, at 369 [193 Pac. 600, 603], the court says: "The wide extent of the discretion of the trial court in granting or denying a new trial for insufficiency of the evidence is well-nigh axiomatic. Its action in such matters is conclusive upon the appellate court unless there has been an abuse of discretion. When there is a substantial conflict in the evidence, the trial court will not be deemed to have abused its discretion when it has determined that the verdict, or the finding, is against the weight of the evidence and that there should be a new trial. (Citing cases.) . . . 'Even in cases where there may not appear to be a conflict in the evidence, and where all the proofs seem to be favorable to the one or the other of the parties litigant, the question as to the probative force or evidentiary value of the testimony, in a proceeding on a motion for a new trial based upon the ground that the evidence is insufficient to justify the verdict, is one whose determination is with the trial court. The rule (elementary and commonly familiar in our system

of jurisprudence) is that the plaintiff in a civil action must establish his case by a preponderance of proof, but, although many witnesses may testify directly in favor of his position, and . no adversary testimony directly adduced, it is still with the jury, in the first instance, and finally with the trial court, where a new trial is asked on the ground stated, to say whether such testimony, when subjected to the legal tests whereby the probative value of evidence is to be judged, measures up to the requirement of the law as to the degree of proof essential to the support of an issue of fact.' (*Otten* v. *Spreckels*, 24 Cal. App. 251, 257 [141 Pac. 224, 226].) In such cases the presumption is in favor of the order and against the findings, or the verdict." (*Condee* v. *Gyger*, 126 Cal. 546 [59 Pac. 26]; *Hass* v. *Mutual etc. Assn.*, 118 Cal. 6 [49 Pac. 1056]; *Clohan* v. *Kelso*, 42 Cal. App. 67 [183 Pac. 349].)

In *Smith* v. *Royer*, 181 Cal. 165 [183 Pac. 660, 663], the court says: "In a jury trial a party is entitled to two decisions on the evidence, one by the jury and one by the trial court and the trial court is not bound by a conflict in the evidence." (Citing cases.)

In *Estate of Wall*, 183 Cal. 431 [191 Pac. 687], the court says: "The trial court in acting upon a motion for a new trial, particularly on the ground of insufficiency of the evidence to support the verdict or findings, has a wide discretion, and its action thereon, either for or against the motion, will not be disturbed on appeal unless it clearly appears to the appellate court that the discretion was abused. This proposition has been so often decided that it is unnecessary to cite authorities in support of it."

In this case three eye-witnesses (daughters of the decedent) testified directly and positively that the decedent acknowledged the signature to the document proposed as a codicil to them and declared the same to them to be a codicil to her will and that two of them then and there at her request signed their names thereto in her presence and in the presence of each other. The contradiction thereof consisted of the evidence of three other children of the decedent to the effect that in their opinion the signature to the codicil was not the signature of the decedent and the testimony of a handwriting expert to the effect that after comparing the same with numerous admittedly genuine

signatures of the decedent it was his opinion that the signature to the codicil was not genuine. There was other testimony in the record also. The court said: "It is obvious that in this state of the evidence it was within the discretion of the court to grant a new trial. If he believed the evidence of the witnesses for the proponents, it was his duty to do so. While it is true that on cross-examination the said witnesses contradicted themselves and showed evidence of considerable agitation, there was nothing from which, as a matter of law, we can say the court should have refused to credit their testimony. The judge who tried the case was the judge who granted the new trial, and he saw and heard the witnesses as they were testifying, and was in a much better position to determine their credibility than this court could possibly be. It is unnecessary to consider the other points presented in the motion for a new trial. Upon this ground alone the order must be affirmed."

For further citation of authorities on the subject of insufficiency of the evidence as a ground for the granting of the motion for a new trial see 20 Cal. Jur. 117; Hayne's New Trial and Appeal, p. 467; *Conwell* v. *Varian,* 20 Cal. App. 521 [130 Pac. 23], and cases there cited.

Appellants' brief concedes a conflict in the testimony, there being the testimony of Dr. Herbert A. Johnson, Dr. Claude E. Stein and the testimony of the defendant himself in support of the defendant's contention. In support of the complaint there is the testimony of Dr. Cowles and lay witnesses. Without setting out the testimony in detail there was a direct conflict in the evidence. ▇ Respondents urge that in cases of this kind proof of negligence or lack of care or lack of skill on the part of a physician can only be made by the testimony of experts, viz., physicians familiar with the practice in the locality. Unless there is such testimony showing negligence no judgment can be sustained. (*Perkins* v. *Trueblood,* 180 Cal. 437 [181 Pac. 642]; *Houghton* v. *Dickson,* 29 Cal. App. 321 [155 Pac. 128]; *Linn* v. *Piersoll,* 37 Cal. App. 171 [173 Pac. 763].) With such contention the appellants do not take issue and of course could not because it is the recognized rule in this state.

▇ The presumption is in favor of the order granting a new trial. There was a substantial conflict in the evi-

dence.  The trial judge was the judge who granted the motion for a new trial; he saw the witnesses and heard them testify and was in a better position to determine their credibility than this court can possibly be.  It was his duty to grant the new trial in this case if he was not satisfied with the verdict.  Under such circumstances the order granting a new trial will not be disturbed on appeal.  The order appealed from must therefore be affirmed.

Order appealed from affirmed.

Marks, Acting P. J., and Barnard, J., concurred.