[Civ. No. 362. Fourth Appellate District.—April 16, 1931.]

A. Z. HOWE et al., Respondents, v. FRANK McCOY, Appellant.

Jeremiah J. Sullivan and John A. Holland for Appellant.

M. M. Fogel and Frank Mergenthaler for Respondents.

MARKS, J.—This is an action for damages growing out of an alleged negligent chiropractic adjustment administered to Mary Frances Howe, wife of A. Z. Howe, by an employee of appellant. The case was tried before à jury, which returned a verdict in the sum of four thousand dollars for damages suffered by Mrs. Howe, and one thousand dollars damages suffered by her husband by reason of the loss of her services. An appeal was taken from the judgment which was entered upon the verdict.

It is alleged that appellant and his employees maintained offices in the city of Los Angeles for the treatment of patients and the cure of disease; that on or about October 6, 1927, respondents employed appellant to diagnose their ailments and to give them a course of treatments; that appellant undertook the treatment of Mary Frances Howe and that on October 18, 1927, one of the practitioners employed by respondent administered a treatment to her so carelessly, recklessly, negligently, unskilfully and without ordinary care, knowledge or skill, and with such force and violence treated and manipulated the body of Mrs. Howe that he broke one of the cartilages of one of her lower ribs.

But one question is presented on this appeal. ▮ It is the contention of appellant that the evidence does not support the judgment. In deciding the question of whether or not the evidence supports the judgment it will be necessary for us to consider only such portions of it as are most favorable to respondents. All conflicts in the evidence were resolved in favor of respondents by the verdict of the jury.

The findings of the jury upon conflicting evidence cannot be disturbed by this court.

It is admitted that appellant was a duly licensed and practicing chiropractor and drugless physician; that he was employed to administer the treatments to Mrs. Howe; that on October 18th, during the course of one of the treatments given by one of his employees who was a chiropractor, a fracture occurred at the junction of the costal cartilage with the ninth right rib.

Both parties admit that it is well-settled law in California that a physician in treating a patient, in the absence of a special contract so to do, does not guarantee to effect a cure (*Perkins* v. *Trueblood,* 180 Cal. 437 [181 Pac. 642]), nor does he guarantee against unusual consequences happening during the course of such treatment, nor unusual results therefrom. (*Hesler* v. *California Hospital Co.,* 178 Cal. 764 [174 Pac. 654]; *Hopkins* v. *Heller,* 59 Cal. App. 447 [210 Pac. 975].) A practitioner is, however, required by law to use the same degree of care, diligence and skill in the treatment of his patients as is possessed and used by prudent, skilful and careful practitioners of the same school practicing in the same vicinity. As was said in the case of *Hesler* v. *California Hospital Co., supra:* ''The law on the subject of care and skill required of physicians in the treatment of patients is well settled. 'A physician and surgeon, by taking charge of a case, impliedly represents that he possesses, and the law places upon him the duty of possessing, that reasonable degree of learning and skill that is ordinarily possessed by physicians and surgeons in the locality where he practices, and which is ordinarily regarded by those conversant with the employment as necessary to qualify him to engage in the business of practicing medicine and surgery. Upon consenting to treat a patient, it becomes his duty to use reasonable care and diligence in the exercise of his skill and the application of his learning to accomplish the purpose for which he was employed. He is under the further obligation to use his best judgment in exercising his skill and applying his knowledge.' (*Pike* v. *Honsinger,* 155 N. Y. 209 [63 Am. St. Rep. 655, 49 N. E. 762].) 'The difficulties and uncertainties in the practice of medicine and surgery are such that no practitioner can be required to guarantee results, and all the law demands is that

he bring and apply to the case in hand that degree of skill, care, knowledge and attention ordinarily possessed and exercised by practitioners of the medical profession under like circumstances.' (*Zoterell* v. *Repp*, 187 Mich. 330 [153 N. W. 695].)''

The evidence produced by respondents discloses that on October 18, 1927, Mrs. Howe went to appellant's offices for one of a course of treatments that had been started on or about October 8th. Her troubles had been diagnosed as sciatica, and others which are not material to this appeal. One of the practitioners placed her upon a chiropractic operating table on her left side facing him. He placed his right hand upon her right side below her breast and his left hand upon her left hip. The treatment proceeded by his exerting outward pressure with his right hand and pulling inward with his left and ended with a sudden and powerful jerk with both of his hands traveling in the direction indicated. This treatment was given to relieve pressure upon the patient's sciatic nerves at the points of their departure from the spinal column. It resulted in the tearing and breaking of the cartilage connecting the patient's ninth right rib with the sternum.

A number of chiropractic physicians, practicing in the city of Los Angeles, testified that the adjustment given was not one which was given by the ordinarily prudent, careful and skilful chiropractic physicians in that vicinity, and they agreed that good practice required the right hand to be placed upon the shoulder of the patient and not upon the side over the ribs in giving such a treatment. Two of them also testified that if the adjustment were attempted, as was done in the case of Mrs. Howe, with the right hand of the practitioner placed upon the patient's right side over the ribs, that serious injury to the patient by the breaking of a rib or the tearing of cartilages might very probably follow.

This testimony of these witnesses stands uncontradicted. In fact it is corroborated in a measure by the testimony of appellant and his employees. The practitioner administering the treatment claimed that, during the adjustment, he had his right hand on Mrs. Howe's shoulder and not on her side over her ribs and that the treatment should be administered with the hand on the shoulder. There is no

evidence tending to indicate that the proper method of making the adjustment was with the practitioner's right hand on the right side of the patient.

As we have observed, this court cannot be concerned with a conflict in the evidence where there is competent evidence to support the judgment. The testimony of appellant's employee that he did not have his hand over Mrs Howe's ribs but had it on her shoulder merely contradicted respondents' evidence and of itself furnishes no ground upon which is reverse the judgment.

Where a chiropractor takes charge of a case and commences a course of treatments on his patient he represents to his patient that he possesses the skill of the ordinarily skilful chiropractic practitioner in the vicinity. He further represents that he will use this skill with the ordinary prudence and care employed by other such practitioners in the vicinity.

That the agent of appellant in administering the treatment to Mrs. Howe and in making the adjustment on her body either did not possess the skill of the ordinarily skilful chiropractic practitioner in Los Angeles, or if he did possess such skill he did not use it with the ordinary prudence and care employed by other ordinarily prudent, careful and skilful practitioners in Los Angeles learned in and employing the same methods of practice, was the evident conclusion of the jury from the evidence before it. There is ample evidence in the record to support this conclusion and the judgment from which this appeal is taken.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 8, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 11, 1931.