[Civ. No. 7556. First Appellate District, Division Two.—May 11, 1931.]

ORA DELL SOADY, Appellant, v. WILLIAM W. WASHBURN, Respondent.

Charles B. Morris, Charles Reagh and Phillip R. Mc-Enerney for Appellant.

Hadsell, Sweet & Ingalls for Respondent.

SPENCE, J.—Plaintiff sought to recover damages for alleged malpractice. At the close of plaintiff's case the trial court granted a motion for nonsuit and from the judgment entered thereon plaintiff appeals.

Plaintiff was injured in San Francisco in February, 1926, when she fell and her elbow went through a glass door. She was treated by defendant, a surgeon in that city, but it appears that paralysis of her arm followed. On the trial in December, 1929, plaintiff was called as a witness and testified at length. She then called Dr. Joseph C. Thompson as a witness. He testified concerning the condition of her arm at that time. Thereafter several questions were directed to him for the purpose of establishing the fact that the defendant had not exercised the proper degree of care and skill in the treatment of the injuries. Objections were made on the ground that no proper foundation had been laid and these objections were sustained by the court. Plaintiff rested without producing any other expert witness.

Appellant concedes that the nonsuit was properly granted as there was no expert testimony in the record to make out her case; but appellant contends that the trial court erred in sustaining objections to the questions asked of the witness Dr. Thompson, through whom appellant sought to introduce such testimony. In our opinion there was no error in the rulings of the trial court. In order to make out her case it was necessary for appellant to show that respondent had failed to exercise that degree of care and skill ordinarily exercised by persons engaged in the practice of respondent's profession in the locality and at the time the treatment was given. (*Rankin* v. *Mills*, 207 Cal. 438 [278 Pac. 1044]; *Markart* v. *Zeimer*, 67 Cal. App.

363 [227 Pac. 683].)   Dr. Thompson was a retired naval officer and had never engaged in the general private practice of medicine at any place.   He was not and never had been licensed to practice medicine in California and had arrived in San Francisco from Honolulu only a few weeks prior to the trial.   Appellant did not prove or offer to prove that the witness had any experience or had made any investigation which would qualify him as an expert on the subject of the standards of the medical profession in California or of the degree of care and skill usually exercised by members of that profession in San Francisco or in that vicinity.

Counsel for appellant state that this is a case of first impression and present no authorities to sustain their position.   It is argued that the court should take judicial notice of the fact that the medical standards in San Francisco are as high as those in any place in the world.   Our pride leads us to express the hope that these standards are as high as counsel claim, but we may not take judicial notice of the relative heights which the medical· profession has attained in various parts of the world.   The witness having testified that he had never engaged in the private practice or any other practice of medicine anywhere in California, the court properly sustained the objections on the ground that no proper foundation had been laid in the absence of some showing of the witness' special qualifications to testify regarding the standards of the medical profession in this state.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.