[Civ. No. 9287. Second Appellate District, Division Two.—February 7, 1935.]

VIOLET RASMUSSEN, Individually and as Administratrix, etc., Appellant, v. DR. CHARLES SHICKLE, Respondent.

Stephen Monteleone for Appellant.

W. I. Gilbert for Respondent.

WILLIS, J., *pro tem.*—This is an appeal from a judgment of nonsuit in an action for malpractice against a physician. Appellant claims errors in granting motion for nonsuit and in sustaining objection to the competency of an expert witness to give his opinion of respondent's treatment of his patient.

Respondent was employed by appellant to reduce oblique fractures of both bones of the leg and to treat the case until healing was accomplished. It is alleged and shown by evidence that some three weeks after the bones had been set respondent massaged the leg and manipulated the foot and ankle, and that immediately thereafter appellant experienced a severe tearing sensation of pain in the leg, of which she complained to respondent. No X-ray photographs were taken of the fractured bones after such complaint until six weeks later, when such photographs were taken and revealed that the fractured bones were not in place and were ununited. An operation was performed, the bones scraped, reset with the aid of bone grafting and in due time the healing of the fractures and surgical wound was accomplished.

Appellant based her claim of malpractice on (1) respondent's causing the broken bones to slip from their position as a result of the massaging and manipulation, and (2) his failure to have X-ray photographs taken or to use ordinary care and skill in determining the fact that the fractured bones were not in proper position.

Exclusive of the opinion of an expert witness, Dr. Ellis Jones, called by appellant, there is in the record of the evidence no proof of negligence on the part of respondent upon which the charge of malpractice may be predicated. Appellant contends that the opinion of Dr. Jones was sufficient to establish a *prima facie* case so as to render the motion for nonsuit ungrounded under the familiar rules governing trial courts in considering and determining such motions. Reduced to its essentials for the purpose of its con-

sideration herein in connection with the answer thereto, the question propounded to the expert is as follows: "Is it proper practice in this locality to allow the patient to remain in bed for a period of six weeks following that date [of massaging and complaint of pain of tearing apart] without taking X-rays or using a fluoroscope to determine the condition of the break at that time?" To which the following answer is given: "Well, I can only say that I don't know the conditions, all the conditions, in that situation. I can only say that that would not be proper practice if it was known that the fracture had been disturbed. Patients with this type of fracture are in pain constantly. The interpretation as to what caused the pain must be left to the judgment of the doctor."

The opinion thus expressed, viewed as evidence relevant to the question of malpractice, may not be considered of more weight or probative value than that to which it is entitled under the law controlling in malpractice cases. ▮ Aside from the inherent weakness manifest in the answer to establish negligence, proof of lack of *proper* care and skill in a given treatment or failure to treat in a certain way is not sufficient to establish a case of malpractice on the part of a physician. The law does not require that the advice, instructions and treatment given by a physician to a patient shall be at all events *proper,* or that his treatment should be such as to attain an approximate perfect result. It requires only, first, that he shall have the degree of learning and skill ordinarily possessed by physicians of good standing practicing in that locality, and, second, that he shall exercise reasonable and ordinary care and diligence in treating the patient and in applying such learning and skill to the case. ▮ *Proper* treatment implies that no error shall be committed thereby, that an approximate perfect result will be produced, and that such result is guaranteed, whereas the law only demands that the physician use reasonable care to attain such approximate perfection. (*Hesler* v. *California Hospital Co.,* 178 Cal. 764 [174 Pac. 654] ; *Markart* v. *Zeimer,* 67 Cal. App. 363 [227 Pac. 683].) ▮ In the absence of evidence to the contrary, the law will presume the exercise of a reasonable degree of care and skill, and absence of skill is not presumed from the mere fact of failure of the treatment to produce healing. If the physician pos-

sesses such reasonable degree of learning and skill, and in the treatment of the patient's injury exercised ordinary care and skill, measured by the standards of his profession in the same locality, he is not liable for results that followed. (*Houghton* v. *Dickson,* 29 Cal. App. 321 [155 Pac. 128]; *Callahan* v. *Hahnemann Hospital,* 1 Cal. (2d) 447 [35 Pac. (2d) 536].) Measured by the foregoing rules, the evidence herein, taken in the view most favorable to appellant, including the above answer of the expert, wholly fails to establish a case of malpractice, and the motion for nonsuit was properly granted.

■ Appellant offered a physician as an expert witness, and after a test of his qualifications the court sustained an objection to his competency. The question of competency of an expert witness to give his opinion in evidence is for the trial court to determine in the exercise of a sound discretion. It is the rule that proof of negligence for lack of care or skill on the part of a physician in a malpractice case consists only in the opinions of experts, that is, physicians familiar with the practice in the locality (*Hiraide* v. *Cochran,* 109 Cal. App. 377 [293 Pac. 165]), whose testimony is conclusive on the subject as against that of lay witnesses (*Callahan* v. *Hahnemann Hospital, supra*). ■ To qualify as such expert in a malpractice case against a physician the witness must not only show himself to possess learning and knowledge of the subject of inquiry sufficient to qualify him to speak with authority on the subject, but also a familiarity with the treatment and degree of care and skill of other practitioners in the locality in question, sufficient to qualify him to say whether or not the defendant's treatment was consistent with what other physicians in the exercise of reasonable care might do under similar circumstances. ■ The examination of qualifications of the offered expert failed to show that he possessed sufficient familiarity with the practice in respect to treatment of oblique fractures of leg bones in the locality in question. There was accordingly no abuse of discretion in sustaining the objection as to his competency.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 8, 1935.

Curtis, J., voted for a hearing.