[L. A. No. 16189. In Bank.—July 30, 1937.]

ANNA TERESA McGUIRE, Appellant, v. DR. MARION W. BAIRD, Respondent.

Henry G. Bodkin for Appellant.

W. C. Gilbert for Respondent.

CURTIS, J.—This is an appeal by the plaintiff from a judgment in favor of defendant based upon an order granting a nonsuit. The action was brought against a physician, the defendant, for damages alleged to have been sustained by plaintiff as a result of the defendant's negligence in treating an infected thumb of plaintiff's left hand.

During the progress of the trial, the plaintiff propounded to Dr. Arthur Stevenson, a physician practicing in Torrance near Redondo in the county of Los Angeles, a lengthy and involved hypothetical question. Some idea of its length may be gained by the statement that it took counsel more than half a day to state the question. The defendant made no objection to the witness answering the question on

the ground of his lack of qualification, but insisted that the court direct the witness to answer the question ''yes'' or ''no''. The court so directed the witness, and he answered the question in the affirmative. It appears from the subsequent testimony of this witness that he understood that if he answered the question in the affirmative he was approving all the defendant had done in the treatment of plaintiff's thumb, which he could not honestly do, but that if he answered the question in the negative he was condemning the whole treatment administered by defendant to the infected thumb of plaintiff, which he felt he could not conscientiously do. In this dilemma he answered the question in the affirmative, thereby approving the treatment administered to the plaintiff's thumb by the defendant. It is not necessary to here restate the hypothetical question asked of Dr. Stevenson nor the extended colloquy between the court and counsel immediately following the asking of the question. On appeal the District Court of Appeal reversed the judgment, and held that it was error to require the witness to answer the question by an unqualified affirmative or negative answer. It further held that the witness was qualified to give expert testimony as to whether or not the defendant's treatment of plaintiff's infected thumb was consistent with what other physicians in said locality in the exercise of reasonable care might do under similar circumstances. Defendant petitioned this court for a hearing after the rendition of the decision by the District Court of Appeal reversing said judgment. In his petition he advanced no argument in support of the trial court's ruling as to the nature of the answers to be given to said hypothetical question, and practically conceded the correctness of the appellate court's decision in holding that the trial court erred in requiring an unqualified affirmative or negative answer to the hypothetical question propounded by plaintiff to Dr. Stevenson, but insisted that the court's conclusions as to the qualifications of Dr. Stevenson as an expert witness be given further consideration by this court. It was for the latter purpose that we ordered a transfer of this cause for decision by this court. We will omit any further discussion of the ruling of the trial court requiring an unqualified affirmative or negative answer to the hypothetical question propounded to Dr. Stevenson for the reason that we are in accord with the contention of the plaintiff that said ruling was

erroneous, to which contention the defendant has at least given his passive assent.

We pass then to the question of the qualifications of Dr. Stevenson to testify as a witness in this case. This question is answered for the purpose of said trial we think by the stipulation of defendant's counsel made prior to the giving of any evidence by the witness. On Dr. Stevenson's being called as a witness for plaintiff, counsel for defendant stated in open court, "I am prepared to stipulate to his qualifications." To which counsel for the plaintiff replied, "It will save a lot of time." The only inference that can be drawn from these statements of counsel is that such a stipulation was agreed to by each party to the action. It therefore became binding upon them and obviated the necessity of producing any evidence upon the question of the witness's qualifications.

The qualifications of a witness to testify in a malpractice case are definitely and clearly established by the decisions of the courts of this state. In the recent case of *Rasmussen* v. *Shickle*, 4 Cal. App. (2d) 426, 430 [41 Pac. (2d) 184], the court very aptly defined such qualifications in the following language: "To qualify as such expert in a malpractice case against a physician, the witness must not only show himself to possess learning and knowledge of the subject of inquiry sufficient to qualify him to speak with authority on the subject, but also a familiarity with the treatment and degree of care and skill of practitioners in the locality in question sufficient to qualify him to say whether or not the defendant's treatment was consistent with what other physicians in the exercise of reasonable care might do under similar circumstances." The same principle is announced in the following cases: *Hesler* v. *California Hospital Co.*, 178 Cal. 764, 766 [174 Pac. 654], *Hiraide* v. *Cochran*, 109 Cal. App. 377, 381 [293 Pac. 165], and *Houghton* v. *Dickson*, 29 Cal. App. 321 [155 Pac. 128]. When defendant therefore stipulated to the qualifications of Dr. Stevenson we think it was clearly his intention to stipulate that he was qualified to testify as to whether defendant's treatment of plaintiff's thumb was consistent with what other physicians in the locality in question in the exercise of reasonable care might do under similar circumstances. That this was the intention of defendant is further shown by the proceedings in court at the time the

hypothetical question was propounded to the witness. This question contained a complete statement of the treatment of plaintiff's diseased member by the defendant and concluded with the following direct question: "In your opinion, did that physician use that degree of skill, care and learning ordinarily possessed and exercised by physicians and surgeons practicing in this vicinity? As we have stated, no objection was made by the defendant to the witness's answering this question on the ground that his qualifications had not been shown, but counsel insisted that he answer the question in a particular manner. Had counsel for defendant been of the opinion that his stipulation was not broad enough to permit the witness to answer this question, it would have been the natural proceeding for him to object to the answer upon the ground of the witness's lack of qualifications. By failing to make such an objection, the only reasonable conclusion to be drawn under these circumstances is that he was of the opinion that he was precluded from making any objection to the question by reason of his stipulation as to the witness's qualifications. Furthermore, by failing to object to the question propounded to the expert witness, the latter's qualifications were admitted.

The subsequent statements of Dr. Stevenson as to his lack of knowledge of the manner of treatment followed by other physicians in the locality in question had no bearing upon his testimony already given, as neither party after these subsequent statements were made asked to be relieved of the stipulation as to his qualifications, or made any motion to strike out his evidence previously given. It cannot, therefore, be contended that Dr. Stevenson was not qualified as an expert witness to answer the hypothetical question propounded to him. As the parties hereto practically admit that he was compelled to answer this question in a manner not approved by proper procedure, the error of the court in requiring him to so answer the question resulted in actual prejudice to the plaintiff. For this reason we think the judgment should be reversed, and it is so ordered.

Shenk, J., Seawell, J., Nourse, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.