[Civ. No. 11746.   Second Appellate District, Division Two.—May 10, 1938.]

MRS. JACK W. TAYLOR et al., Appellants, v. ERNEST C. FISHBAUGH, M. D., Respondent.

August J. O'Connor and G. Jacques Hider for Appellants.

W..I. Gilbert and W. I. Gilbert, Jr., for Respondent.

WOOD, J.—Plaintiffs commenced this action against defendant, a physician, to recover a judgment for damages alleged to have been caused by the conduct of the defendant in improperly, negligently and carelessly prescribing for plaintiff Mrs. Taylor a remedy known as phanadorn. Plaintiffs appeal from a judgment of nonsuit entered upon motion of defendant at the termination of plaintiffs' evidence.

Upon undertaking to treat Mrs. Taylor it became the duty of defendant to use reasonable care and diligence in the exercise of his skill and in the application of his learning to accomplish the purposes for which he was employed. It was incumbent upon him to apply to the case that degree of care, skill, knowledge and attention ordinarily possessed and exercised by practitioners of the medical profession under similar circumstances in the locality where the treatment was administered. (*Hesler* v. *California Hospital Co.*, 178 Cal. 764 [174 Pac. 654]; *Johnson* v. *Clarke*, 98 Cal. App. 358 [276 Pac. 1052]; *Markart* v. *Zeimer*, 67 Cal. App. 363 [227 Pac. 683].) In order to justify submitting the issues to the jury it was necessary for plaintiffs to present proof of the negligence or lack of care or skill on the part of defendant. The issue as to what was or was not the proper practice was a question for experts, physicians familiar with the practice concerning Mrs. Taylor's infirmities in the locality where she was treated. Without such testimony no valid judgment could be rendered. (*Hiraide* v. *Cochran*, 109 Cal. App. 377 [293 Pac. 165]; *Peppercorn* v. *Stewart*, 114 Cal. App. 101 [299 Pac. 762]; *Patterson* v. *Marcus*, 203 Cal. 550 [265 Pac. 222].)

■ Plaintiffs presented as an expert witness a physician who testified that he was a graduate of a medical college and that he had practiced his profession since 1928 and in Los Angeles since 1933. A hypothetical question was then propounded to him to which objection was made on the ground, among others, that no foundation had been laid. The objection was sustained. Plaintiffs rested their case without making further effort to show the competency of the witness, and since no expert testimony was before the court the motion for a nonsuit was granted.

In arguing that the action of the trial court in sustaining the objection to the question propounded to the witness was proper, defendant points out that it was not shown that the witness was familiar with the work and practices of other physicians in the community in which the treatment was given. In view of recent decisions by reviewing courts in California we must sustain defendant's contention. In *Rasmussen* v. *Shickle*, 4 Cal. App. (2d) 426 [41 Pac. (2d) 184], a physician was offered as an expert witness who failed, to show that he possessed familiarity with the practice in the locality with respect to the treatment involved in the action. The reviewing court ruled that the trial court did not abuse its discretion in sustaining an objection to his testimony. In the recent case of *McGuire* v. *Baird*, 9 Cal. (2d) 353 [70 Pac. (2d) 915], the Supreme Court approved of the ruling in the Rasmussen case in the following language: ''The qualifications of a witness to testify in a malpractice case are definitely and clearly established by the decisions of the courts of this state. In the recent case of *Rasmussen* v. *Shickle*, 4 Cal.' App. (2d) 426, 430 [41 Pac. (2d) 184], the court very aptly defined such qualifications in the following language: 'To qualify as such expert in a malpractice case against a physician the witness must not only show himself to possess learning and knowledge of the subject of inquiry sufficient to qualify him to speak with authority on the subject, but also a familiarity with the treatment and degree of care and skill of practitioners in the locality in question sufficient to qualify him to say whether or not the defendant's treatment was consistent with what other physicians in the exercise of reasonable care might do under similar circumstances.' ''

■ Plaintiffs point out that no objection was made to the testimony of the expert upon the ground that he was not com-

petent, and argue that under the ruling of *Reardon* v. *Richman Land Co.,* 21 Cal. App. 357 [131 Pac. 894], the objection that the foundation was not laid was insufficient to justify the trial court in sustaining the objecticn to the testimony of the expert. On this point we must be guided by the ruling in *Lemley* v. *Doak Gas Engine Co.,* 40 Cal. App. 146 [180 Pac. 671], wherein the Supreme Court in denying a petition for a hearing held that ''the objection 'that the proper foundation had not been laid' fairly presented the question of the sufficiency of the evidence as to the expert qualifications of the witness''.

The judgment is affirmed.

Crail, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 31, 1938, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 8, 1938.