[S. F. No. 12091. Department Two.—March 7, 1928.]

ANDREW PATTERSON et al., Appellants, v. HERMAN MARCUS, Respondent.

Charles F. Hanlon and Walter H. Robinson for Appellants.

Ford, Johnson & Bourquin for Respondents.

SHENK, J.—The trial court granted a motion for a nonsuit and entered judgment accordingly. The plaintiffs,

husband and wife, have appealed. The plaintiff husband is joined because of the marital relationship.

The defendant is a regularly licensed and practicing physician and surgeon. On March 4, 1921, the plaintiff, Rose Patterson, was suffering from a swelling in her face. She consulted the defendant for medical examination and treatment. The defendant correctly diagnosed the cause of the swelling as an ulcerated wisdom tooth which, under ordinary conditions, could be removed and relief thereby afforded. If, however, the patient be a pregnant woman it was in evidence and undisputed that the extraction of an ulcerated tooth is dangerous to both mother and child, and this was known to the defendant when he was so consulted. The enlarged condition of Mrs. Patterson in the abdominal region aroused the suspicions of the defendant and he inquired of her if she were pregnant. She replied that she did not know. She was thirty-four years of age at the time, had been married for several years to her present husband, and had two children by a former husband. Upon further inquiry by the defendant she stated that her menstrual flow had been scant and that on several mornings shortly theretofore she had experienced nausea. The defendant examined her with a speculum, pronounced her four or five months pregnant, and advised against the extraction of the tooth. He sought to relieve his patient by an incision and draining the abscessed area. Numerous treatments failed to afford the necessary relief and the patient suffered much pain. Upon the advice of the defendant she consulted his own dentist, who refused to extract the tooth when he learned that defendant had pronounced the patient pregnant. She remained under the care of the defendant and received frequent examinations. Measurements disclosed a gradual enlargement of the abdominal swelling. By listening the defendant thought at times that he discerned life in the supposed foetus, and at times he was doubtful. Examinations continued, usually once a week and sometimes oftener. Mrs. Patterson finally consulted another dentist, who extracted the tooth. About June 20th, after a more extended examination, the defendant concluded that his patient was not pregnant, but was suffering from an ovarian cyst or abdominal tumor. When so advised by the defendant, with

an offer of treatment for that trouble, Mrs. Patterson refused to proceed under the further care of the defendant, consulted another physician, who administered treatment and drained a gallon of liquid from the abdominal swelling. This physician testified that the distention of the abdomen made internal examination difficult. The deposition of a nurse who attended Mrs. Patterson during a portion of the time in question was introduced in evidence. The nurse testified that when she was in attendance on Mrs. Patterson the latter had all the symptoms of pregnancy; that she had pain in the abdominal region, had a nauseated feeling and was unable to walk without aid, and that she gave the witness the impression that she was pregnant and about to become a mother.

This action was brought on the theory of negligent diagnosis and care on the part of the defendant, resulting in loss of time, expense, and suffering on the part of the plaintiffs from March until June. The record presents a case of mistaken diagnosis by a reputable physician without the incidents of carelessness or unskilfulness necessary to constitute actionable negligence. There is an entire absence of evidence that the treatment prescribed on the original diagnosis was improper. A physician is not held to a higher degree of responsibility in making a diagnosis than in prescribing treatment. (See *Brewer* v. *Ring*, 177 N. C. 476 [99 S. E. 358, 364].) When due care, diligence, judgment, and skill are exercised a mere failure to diagnose correctly does not render a physician liable. (*Jaeger* v. *Stratton*, 170 Wis. 579 [176 N. W. 61.) A mistake in diagnosis in the present case was alleged and proved and is conceded to have taken place. But it was not only necessary for the plaintiffs to prove such mistake, but also that the mistake was due to failure to exercise ordinary care, diligence and skill in making the diagnosis. (*Schumacher* v. *Murray Hospital*, 58 Mont. 447 [193 Pac. 397, 403].) Mere proof that the diagnosis was wrong would not support a verdict. (*Edwards* v. *Uland*, 193 Ind. 376 [140 N. E. 546, 548].) It has been held in this state that the implied contract on the part of the physician is that he possesses that reasonable degree of learning and skill possessed by others of his profession, and that he will exercise reasonable and ordinary

care and skill in the application of that learning to accomplish the purpose for which he is employed. (*Houghton* v. *Dickson,* 29 Cal. App. 321 [155 Pac. 128].) As to what is or is not the proper practice is uniformly a question for experts and can be established only by their testimony. (*Perkins* v. *Trueblood,* 180 Cal. 437, 443 [181 Pac. 642]; *Houghton* v. *Dickson, supra.*) There was in the present case no expert evidence as to what method or means, in the exercise of ordinary care and skill, should have been employed to determine the presence or absence of pregnancy. On the record presented it is reasonable to conclude, in harmony with the holding of the trial court, that there was no showing of negligence on the part of the defendant in making the mistaken diagnosis, having in mind the standards of proof required.

The judgment is therefore affirmed.

Richards, J., and Langdon, J., concurred.