[Civ. No. 8480. First Appellate District, Division One.—March 2, 1933.]

ANTONIO BENI, Appellant, v. HARRY ABRONS, Respondent.

208

H. W. Brunk and Alfred Nelson for Appellant.

Dutton & Gilkey and Lewis E. Lercara for Respondent.

JAMISON, J., *pro tem.*—This action for damages was brought by plaintiff for the death of his wife, Speme Beni, which he alleges resulted from the negligence of defendant.

Plaintiff alleges in his amended complaint that defendant is a physician and surgeon, and that as such he employed him to attend upon his wife during her pregnancy and the birth of the child; that during the period of pregnancy of his wife she was suffering from a tumorous growth in or about her uterus; that defendant failed, through his carelessness and negligence and lack of skill, to discover said tumorous growth, and permitted his wife to arrive at her time of delivery while suffering from said tumorous growth, and attempted to deliver her of said child while in that condition; that his wife was in labor for twelve hours, and while the child was partly delivered said physician and surgeon negligently performed a Caesarian operation upon her; that as a result of said negligence and unskilfulness his wife suffered severe physical shock which caused her death. Defendant answered, denying the allegations of the complaint. The case was tried by a jury; a verdict was returned for defendant, and from the judgment thereon plaintiff appeals.

Appellant contends that the trial court erred in giving instruction No. XXV for defendant, which is as follows: "The only issue to be submitted to you for your determination in this case is concerning the mere fact that a Caesarian operation was performed by defendant herein. No complaint is made of anything else and in fact no complaint at all is

made of the technique employed, or of the manner or way in which the operation was performed, nor of any prior or after care or treatment. The sole complaint is that the Caesarian operation was performed at all.''

The facts in substance are as follows: On July 29, 1928, appellant's wife became pregnant and thereupon respondent was employed by appellant to attend upon the wife during her pregnancy and childbirth. Thereafter from time to time respondent examined the patient and found her condition satisfactory. On April 26, 1929, he was notified that she was commencing to have labor pains preliminary to childbirth, and he attended her at the Berkeley General Hospital, where she had gone in anticipation of that event. Shortly thereafter, the labor pains becoming frequent, he followed the usual and customary method for delivery of the child by first endeavoring to produce the delivery by manipulation. That failing, he resorted to the use of forceps and, after unsuccessful efforts with the forceps, he finally, about 5 A. M., on April 27, 1929, called in consultation Doctor Robert Hector, a physician and surgeon of many years' experience in obstetric cases. As a result of this consultation it was decided that it was necessary to perform a Caesarian operation for the delivery of the child. This operation they proceeded to perform and delivered the child. Doctor Hector testified that after the child was delivered and the afterbirth was taken out, they found a large fibroid mass; that is, a large fibroid tumor, in the posterior, in the back wall of the uterus or the womb, so that the child could not come out by way of the natural channel.

No evidence was offered by appellant in support of the allegations contained in the complaint that respondent, through negligence or lack of skill, failed to discover this tumorous growth prior to said operation, or that by the exercise of ordinary care he could have discovered it. Mere proof that the diagnosis was wrong would not support a verdict, and when due care, diligence, judgment and skill are exercised, a mere failure to diagnose correctly does not render a physician liable. (*Patterson* v. *Marcus*, 203 Cal. 550 [265 Pac. 222].) It is not claimed by appellant that the Caesarian operation was negligently or unskilfully performed, but he contends that it should not have been performed at all. Apparently he abandoned his claim that .

respondent was guilty of negligence in not discovering the tumorous growth prior to the operation, and relies solely upon the ground that the Caesarian operation should not have been performed at all. He produced as a witness Doctor H. R. Smith, who testified that in his opinion the tumor would not have prevented the delivery of the child in the natural way; that the Caesarian operation was unnecessary and should not have been performed; that if there were obstructions that prevented delivery a symphyseotomy should have been performed.

On the other hand, respondent produced three physicians, Doctors Robert Hector, E. N. Ewer and Ergo A. Majors, who qualified as experts in obstetrics, and who testified that a symphyseotomy in cases of childbirth was obsolete and was no longer used by the medical profession; that it was highly dangerous and liable to leave the patient a cripple, and entailed other serious consequences; that the Caesarian operation was universally used when delivery of the child could not be made through the natural channel. They further testified that the course pursued by respondent in delivering the child was in accordance with good current obstetrical practice in use by the medical profession at that time and place, and that respondent did not fail to do anything which he should have done in compliance with that standard; that the death of said Speme Beni was not caused by anything respondent did or failed to do.

Appellant also claims that the court erred in giving the following instruction: "It is not claimed that defendant should have discovered the tumor before he operated, or that he failed to learn anything else about the patient which he should have learned before operating. He operated in the light of only what he then knew and cannot be held responsible in relation to knowledge of facts acquired after that time. If he was careful in view of such knowledge of the apparent facts he had at the time, and followed good current obstetrical practice of and at the time and place, and used his best judgment accordingly, he was not guilty of negligence." Appellant claims that this instruction does not take into account the physician's duty to exercise ordinary care in diagnosing as well as treating the case. While this instruction is not to be commended, we are of the opin-

ion that the jury was not misled by anything therein contained.

In the other instructions given, the court clearly and plainly set forth the duties and obligations the physician and surgeon owed to his patient, and that if, in the treatment of appellant's wife during her pregnancy or in childbirth, respondent failed to exercise the care and skill required of him as such physician and surgeon he was guilty of negligence. ■ It is a well-recognized rule that the trial court is not required to embody all the issuable elements of the case in any single instruction, and its failure so to do will not be held to be prejudicial error if, from a consideration of the whole body of the instructions, it appears that the jury was fully and fairly instructed. (*Hall* v. *Steele*, 193 Cal. 602 [226 Pac. 854].) ■ The care and skill required of a physician and surgeon is that ordinarily possessed and used by physicians and surgeons practicing in the same locality. (*Johnson* v. *Clarke*, 98 Cal. App. 358 [276 Pac. 1052]; *Markart* v. *Zeimer*, 67 Cal. App. 363 [227 Pac. 683].) The three physicians who testified as witnesses for respondent practiced in the same locality where respondent was engaged in practice.

The trial court sustained objections to two questions asked by appellant's counsel, which ruling of the court is claimed to be erroneous. One was that if a symphyseotomy had been performed, would the child have been born through the natural channel; and the other was that, assuming respondent had used the ordinary care and skill described, would the patient have lived? ■ As to the first question, it is immaterial, for it did not tend in any manner to show negligence or want of skill upon the part of respondent. ■ The second question is also immaterial, for if the respondent used ordinary care and skill in performing the operation, or in determining that an operation was necessary, he would not be guilty of negligence regardless of the result that followed. (*Linn* v. *Piersol*, 37 Cal. App. 171 [173 Pac. 763]; *Nicholas* v. *Jacobson*, 113 Cal. App. 382 [298 Pac. 505]; *Patterson* v. *Marcus, supra; Hall* v. *Steele, supra.*) The undisputed evidence is that appellant's wife did continue to live some sixty hours after the said operation.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.